# EXHIBIT 2



Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

+1 202 339 8400

orrick.com

T. Vann Pearce

E vpearce@orrick.com
D +1 202 339 8696
F +1 202 339 8500

February 20, 2020

*Via Federal Express and E-Mail*

David DeCurtis
President
DeCurtis Corporation
3208 East Colonial Drive
Suite C190
Orlando, FL 32803

Re:   Carnival Corporation's patent rights related to wireless guest engagement systems

Dear Mr. DeCurtis:

On January 29, 2020, I sent you a letter on behalf of Carnival Corporation ("Carnival") in response to announcements by your company, DeCurtis Corporation ("DeCurtis"), and Norwegian Cruise Lines ("NCL") describing technology that closely resembles Carnival's patented OceanMedallion™ ("Medallion") technology. My January 29 letter identified specific Carnival patents that apply to the technology in question, reminded you of DeCurtis's confidentiality and other contractual obligations to Carnival, and notified you of Carnival's intent to vigorously enforce its rights in the event of any infringement, breach or misappropriation. No one has yet responded to my January 29 letter. If DeCurtis has legal counsel, please provide me with counsel's name and contact information so that I may pursue this matter further with counsel.

In addition, recent events have heightened the reasons for Carnival's concern. Virgin Voyages ("Virgin") recently announced its plans to deploy a wearable device called "the Band" on its cruise ships beginning on April 1, 2020. We have information that DeCurtis is supplying Virgin with technology used in "the Band." The information available to Carnival indicates that "the Band" tracks very closely with Carnival's OceanMedallion™. In fact, independent industry



David DeCurtis
February 20, 2020
Page 2

press reports have noted that the Band is "incredibly similar" to the Medallion, and Virgin's own public statements confirm that conclusion.

These developments raise serious concerns that DeCurtis has failed to comply with its contractual obligations and to respect Carnival's intellectual property rights. As I previously informed you, Carnival will exercise its rights to prevent and remedy any infringement, breach of contract, or misappropriation to the fullest extent permitted under law. The consequences for willful patent infringement and intentional breaches of contract and confidentiality obligations are severe. Carnival reserves its rights to seek a preliminary and permanent injunction, as supported by Carnival's contract with DeCurtis, as well as damages equal to the amount of Carnival's lost profits and treble and other forms of enhanced damages.

In view of the situation described above, I am also sending DeCurtis a separate written notice exercising Carnival's audit rights under Section 3.4 of the July 24, 2014 Master Services Agreement ("MSA") between Carnival and DeCurtis. Carnival is demanding access to inspect DeCurtis's complete books and records relevant to DeCurtis's work for Carnival related to what became the OceanMedallion™ (also referred to as "Project Trident" among other names) to evaluate DeCurtis' compliance with its obligations to Carnival. The inspection will be done by a forensics firm working with Carnival's legal counsel. The accompanying written notice provides more details.

No documents or other information in the possession, custody, or control of DeCurtis or any of its employees, agents, or representatives should be altered or destroyed pending completion of the above-referenced forensic audit. Any failure to comply fully and promptly with Carnival's audit request will constitute and be considered a breach of the MSA.

Very truly yours,

T. Vann Pearce