**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CIVIL ACTION NO. 20-22945-CIV-SCOLA**

| | |
|---|---|
| CARNIVAL CORPORATION,<br><br>       Plaintiff,<br>   v.<br><br>DECURTIS CORPORATION and<br>DECURTIS LLC,<br><br>       Defendants. | **CONTAINS HIGHLY<br>CONFIDENTIAL INFORMATION**<br><br>**FILED UNDER SEAL** |
| DECURTIS LLC,<br><br>       Plaintiff,<br>   v.<br><br>CARNIVAL CORPORATION,<br><br>       Defendant. | |

**<u>CARNIVAL CORPORATION'S MOTION FOR LEAVE TO AMEND ITS
INFRINGEMENT CONTENTIONS</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND.................................................................................................. 2

ARGUMENT AND CITATION OF AUTHORITY ............................................................... 5

    I.    CARNIVAL DILIGENTLY SOUGHT TO AMEND ITS
         INFRINGEMENT CONTENTIONS...................................................................... 6

    II.   CARNIVAL'S AMENDMENT WILL NOT PREJUDICE DECURTIS. ............ 9

CONCLUSION...................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*24/7 Customer, Inc. v. Liveperson, Inc.*,
  No. 315CV02897JSTKAW, 2016 WL 6673983 (N.D. Cal. Nov. 14, 2016) ..........................10

*DCG Sys. V. Checkpoint Techs., LLC*,
  No. C 11-03792 PSG, 2012 WL 1309161 (N.D. Cal. Apr. 16, 2012)..........................6, 8, 9, 11

*Ecomsystems, Inc. v. Shared Mktg. Servs., Inc.*,
  No. 8:10-CV-1531-T-33MAP, 2012 WL 12899143 (M.D. Fla. Jan. 25, 2012).......................8

*Foman v. Davis*,
  371 U.S. 178 (1962)......................................................................................................8

*Fortinet, Inc. v. Palo Alto Networks, Inc.*,
  No. C-09-00036 RMW, 2010 WL 4608250 (N.D. Cal. Nov. 5, 2010..................................7, 9

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
  No. C 13-159 CW, 2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ......................................6, 7, 9

*MediaTek, Inc. v. Freescale Semiconductor, Inc.*,
  No. C11-5341 YGR JSC, 2013 WL 2403644 (N.D. Cal. May 31, 2013) ..........................9, 10

*Motorola Mobility Inc. v. Apple Inc.*,
  No. 1:10-cv-23580-RNS, Order Allowing Motorola to Supplement Invalidity
  Contentions, ECF No. 259 (S.D. Fla. March 9, 2012)...........................................................6, 11

*O2 Micro Int'l v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006)................................................................................................8, 9

*ProconGPS, Inc. v. Skypatrol, LLC*,
  No. 11–3975 SI, 2013 WL 1788049 (N.D. Cal. Apr.26, 2013)............................................6, 7

*SanDisk Corp. v. Round Rock Research LLC*,
  No. C-11-5243-RS, 2013 WL 12173917 (N.D. Cal. Aug. 6, 2013).......................................10

*Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*,
  No. 13-CV-05184-SBA MEJ, 2014 WL 5499511 (N.D. Cal. Oct. 30, 2014)...........6, 9, 10, 11

*Technology Licensing Corp. v. Blackmagic Design Pty Ltd.*,
  2014 WL 5499511 Case No. 13-cv-05184 (N.D. Cal. Oct. 30, 2014) ......................................9

*Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*,
  No. C09-05897 RS HRL, 2011 WL 940263 (N.D. Cal. Feb. 18, 2011)..................................9

*Yodlee, Inc. v. CashEdge, Inc.*,
  No. C 05-01550, 2007 WL 1454259 (May 17, 2007) ............................................................... 9

**Statutes**

35 U.S.C. § 271 ................................................................................................................... 3, 4, 5

**Other Authorities**

Local Patent Rule 3-6 ............................................................................................................ 1, 5, 6

Local Patent Rule 3-4(a) .............................................................................................................. 5

# INTRODUCTION

Plaintiff Carnival Corporation ("Carnival") hereby respectfully moves this Court, pursuant to Local Patent Rule 3-6 (ECF No. 44 [Order re Patent L.R.s]) for leave to amend Carnival's Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions"). The relevant excerpts of Carnival's proposed Amended Infringement Contentions are appended hereto as Exhibit M with the additions added by amendment shown in redline.

Carnival seeks leave to amend its Infringement Contentions to comport with the additional allegations already set forth in Carnival's subsequent Second Amended Complaint. Carnival amended its complaint pursuant to permission of this Court following a timely motion by Carnival in accordance with the Scheduling Order in this matter. As relevant here, that amendment added allegations pertaining to two patents that Carnival already was asserting in this case: that DeCurtis directly infringed United States Patent No. 10,045,184 (the "'184 patent") and infringed the '184 patent and United States Patent No. 10,157,514 (the "'514 patent") by exporting components. The amended infringement contentions do not add new patents, new asserted claims, or new products, nor do they change the substance of Carnival's theories as to how the accused devices practice the asserted claims; they merely show how DeCurtis's activities with respect to those devices infringe additional sections of the Patent Act consistent with what already is in the operative complaint.

Despite that the additional infringement allegations *already* are part of the case through Carnival's operative complaint, and despite that DeCurtis has had ample notice of the additional infringement theories that Carnival seeks to set forth in its amended contentions, DeCurtis nonetheless opposes Carnival's amendment. DeCurtis's position should be rejected, particularly because the amendments are based on documents produced by DeCurtis in discovery only days before the deadline for Carnival to serve its Infringement Contentions. This information produced by DeCurtis on the eve of Carnival's infringement contentions deadline was requested by Carnival months earlier.

Because Carnival has been diligent in seeking the relevant discovery and in seeking to amend its contentions, and because amendment would not prejudice DeCurtis given the posture of this case, the Court should grant Carnival leave to amend its Infringement Contentions so that this case may be resolved through a proper determination on the merits instead of a technicality that DeCurtis helped create.

## FACTUAL BACKGROUND

On April 10, 2020, Carnival filed a civil action in this Court. No. 20-cv-21457-JEM, ECF No. 1. On May 20, 2020 Carnival filed its First Amended Complaint pursuant to Rule 15(a)(1)(B) following DeCurtis's original motion to dismiss. *Id.*, ECF Nos. 24, 27. Carnival has brought claims for breach of contract, misappropriation of trade secrets, and patent infringement against DeCurtis. *See* First Amended Complaint (No. 20-cv-21457-JEM, ECF No. 27). Carnival alleges that DeCurtis, a former Carnival contractor, is using the insight gained while working with Carnival and misappropriating Carnival intellectual property to make and sell products and services, including to Carnival's competitors in the cruise industry Norwegian Cruise Lines ("NCL") and Virgin Voyages ("VV"), in violation of DeCurtis's confidentiality obligations and in infringement of Carnival patents, specifically the '184 patent, the '514 patent, and United States Patent Number 10,049,516 (the "'516 patent"). *See Id.* at ¶¶ 3, 87-91.[1]

Discovery commenced on June 12, 2020, and on the same day Carnival served its First Set of Interrogatories (Requests No. 1-12) on DeCurtis. *See* Exhibit A hereto. In relevant part, Carnival's Interrogatory Nos. 4 and 5 respectively ask DeCurtis to describe in detail DeCurtis's relationships with NCL and VV as it relates to the guest engagement systems at issue. *Id.* Carnival also served its First Set of Requests for Production on DeCurtis seeking the same. *See* Exhibit B (Carnival's First Set of RFPs, Nos. 15, 16, and 20). DeCurtis served responses on July 27, 2020, stating in response to Carnival's interrogatories seeking information relating to DeCurtis's relationship with NCL and VV, that DeCurtis would produce copies of the agreements between DeCurtis and VV and between DeCurtis and NCL pursuant to Rule 33(d). *See* Exhibit C hereto. DeCurtis's responses to RFP Nos. 15, 16, and 20 also confirmed that these agreements would be produced. *See* Exhibit D hereto. Nearly two months later, during the evening of September 23, 2020, DeCurtis served its amended responses to Carnival's First Set of Interrogatories, identifying

---

[1] On April 8, 2020, DeCurtis filed a civil action in the United States District Court for the Middle District of Florida seeking a declaratory judgment of unenforceability and non-infringement and alleging monopolization, attempted monopolization, tortious interference with contract and business relationship, and unfair competition. ECF No. 1. On July 15, 2020, the District Court for the Middle District of Florida granted Carnival's motion to transfer the DeCurtis action to the Southern District of Florida, and that case ultimately was consolidated with the present one. ECF Nos. 39, 48.

the Bates numbers of documents corresponding to its Rule 33(d) document production in response to the pertinent interrogatories, which included contracts between DeCurtis and VV and between DeCurtis and NCL. *See* Exhibit E hereto (DeCurtis's amended responses to Carnival's Interrogatory Nos. 4 and 5). At the same time, DeCurtis produced copies of the VV and NCL contracts bearing a Highly Confidential – Attorneys Eyes Only designation.

These documents were produced only five days and three business days before the deadline for Carnival to serve its Infringement Contentions pursuant to the Court's Scheduling Order (ECF No. 73), the timing of which hindered Carnival's ability to sufficiently review these documents in advance of that deadline. On September 28, 2020, Carnival served DeCurtis with its Infringement Contentions. Carnival noted that because of the last-minute production of information Carnival had timely requested earlier, Carnival was still reviewing DeCurtis's production and as such, Carnival may seek leave to amend its Infringement Contentions based on its further review and consideration of those documents. Carnival specifically noted that it may seek leave to amend its contentions to "assert[] additional applicable statutory subsections of 35 U.S.C. § 271 (e.g., asserting direct infringement of additional claims)…." *See* Exhibit F at 1-3.

During the two weeks between service of Carnival's infringement contentions and the deadline for amending the pleadings, Carnival continued to review and assess the DeCurtis production. Carnival timely sought leave to amend its First Amended Complaint on October 13, 2020 to allege direct infringement of the '514 patent (as already set forth in the contentions), and to also allege direct infringement of the '184 patent by DeCurtis, and that DeCurtis infringed the '514 and '184 patents in violation of 35 U.S.C. §271(f).

From further review of the non-public contracts, Carnival learned facts about what DeCurtis sold, offered for sale, and supplied to its customers. For example, ████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████.[2]  These facts support an allegation of infringement under Section 271(f), in that DeCurtis has infringed by supplying or causing to be supplied in or from the United States components of the '514 and '184 inventions, which are at least a substantial portion of the patented inventions, and which are especially made or especially adapted for use in the inventions and not a staple article or commodity of commerce suitable for substantial noninfringing use, knowing, intending, and actively inducing that such components will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States. *See e.g.* Carnival's Second Amended Complaint ¶¶ 153, 185.

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[2] ████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████

██████ . *Id.* at 47-52; Exhibit K.[3]

Notably, DeCurtis has produced only very limited discovery to date. DeCurtis did not produce its technical documents required by Patent Rule 3-4(a) on October 29, 2020. *See* [Dkt. 92] (Carnival's Notice of DeCurtis' Non-Compliance); DeCurtis' Non-Infringement, Unenforceability, and Invalidity Contentions (Oct. 29, 2020) at i (noting that "DeCurtis is prepared to promptly produce its "Highly Confidential documents pursuant to P.R. 3-4(a)" after a "Court ruling" on certain disputed matters). ██████

██████ Once DeCurtis provides further discovery, Carnival may have further grounds for amending its contentions.

On October 21, 2020, the Court granted Carnival's unopposed motion for leave to amend its First Amended Complaint. ECF No. 86. Pursuant to Court order, Carnival filed its Second Amended Complaint on the same day. ECF No. 88. Carnival now seeks leave to amend its infringement contentions so that the contentions align with the allegations of the Second Amended Complaint. Carnival's Infringement Contentions included its theory of direct infringement of the '514 patent. *See* Exhibit L at 1. Accordingly, Carnival seeks leave to amend its Infringement Contentions to set forth its theories on direct infringement of the '184 patent and infringement under Section 271(f) only. Notably, DeCurtis's non-infringement contentions served on October 29, 2020 already address these issues. *See* Exhibit N at 5-6, 11-12.

## ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Patent Rule 3-6 [ECF No. 44] amendment of Carnival's infringement contentions may be made with leave of Court upon a timely showing of good cause. Patent Rule 3-6 further provides a *non-exhaustive* list of circumstances that may support a finding of good cause in the absence of undue prejudice to the non-moving party, including in pertinent part, "recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent Rule 3-6(c).

---

[3] ██████

To determine if "good cause" exists, courts apply a two-step analysis: *first*, the court determines if the party was diligent in amending its contentions and *second*, the court determines whether the non-moving party would suffer undue prejudice if the motion to amend is granted. *DCG Sys. V. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012) ("Judges in this district have recognized that the Patent Local Rules are not a straightjacket into which litigants are locked from the moment their contentions are served.")[4] However, even if, unlike here, the movant were not diligent, a court retains discretion to grant leave to amend. *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, No. 13-CV-05184-SBA MEJ, 2014 WL 5499511, at *2-3 (N.D. Cal. Oct. 30, 2014) (noting that "courts have allowed amendment where 'the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery.'")

Carnival satisfies both requirements of the good cause standard and accordingly, the Court should grant Carnival's request for leave to amend its Infringement Contentions. Indeed, as this Court has recognized, it has "broad discretion" to allow amendment of contentions. *See Motorola Mobility Inc. v. Apple Inc.*, No. 1:10-cv-23580-RNS, Order Allowing Motorola to Supplement Invalidity Contentions, ECF No. 259 (S.D. Fla. March 9, 2012) (finding that granting leave to amend invalidity contentions would "ensure that this matter is decided on the merits rather than on the basis of procedural technicalities.")

### I. CARNIVAL DILIGENTLY SOUGHT TO AMEND ITS INFRINGEMENT CONTENTIONS.

Here, Carnival was both diligent in discovering the information forming the basis of its proposed amendment, and in seeking leave to amend once new evidence has been discovered. *See e.g. Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *1-2 (N.D. Cal. Nov. 6, 2013) (record demonstrated that the plaintiff amended its contentions as it gained evidence from the defendants). The critical question is whether the moving party could have discovered the new information had it acted with the requisite diligence. *Id*; *see also ProconGPS, Inc. v. Skypatrol, LLC*, No. 11–3975, 2013 WL 1788049, at *2 (N.D. Cal. Apr.26, 2013) (granting amendment where the party moved diligently following the receipt of highly

---

[4] Because Local Patent Rule 3-6 is modeled after the Northern District of California local patent rules, case law from that district is instructive. *See e.g. Motorola Mobility Inc. v. Apple Inc.*, No. 1:10-cv-23580-RNS, Order Allowing Motorola to Supplement Invalidity Contentions, ECF No. 259 (S.D. Fla. March 9, 2012) (citing N.D. Cal. case).

confidential non-public discovery, and amendments did not add new products to the case).

*First*, Carnival was diligent in seeking the information that forms the basis of Carnival's amended allegations. The documents were produced by DeCurtis in response to discovery requests that Carnival served in June 2020 on the first day discovery was permitted; thus, Carnival did not delay in attempting to obtain from DeCurtis the information that Carnival subsequently received shortly before its infringement contention deadline. Further, DeCurtis only produced the pertinent documents on the eve of Carnival's deadline to serve its Infringement Contentions, and notably did so under a Highly Confidential – Attorneys Eyes Only designation, meaning that Carnival could not have obtained these documents but for DeCurtis's production. *Fortinet, Inc. v. Palo Alto Networks, Inc.*, No. C-09-00036 RMW, 2010 WL 4608250, at *1 (N.D. Cal. Nov. 5, 2010 (allowing amendment where Fortinet was not able to discover nonpublic information about the accused products despite diligent discovery efforts); *ProconGPS, Inc. v. Skypatrol, LLC*, No. C 11-3975 SI, 2013 WL 1788049, at *1 (N.D. Cal. Apr. 26, 2013) (in granting motion to amend infringement contentions, noting "[the plaintiff] states that the recent discovery included detailed information about the internal workings of [the defendant's] products, and that this information is not publicly available, as evidence by the fact that it is almost entirely made up of material that [the defendant] has designated 'Highly Confidential – Attorney's Eyes Only.'")

In addition, the agreements contain relevant factual information pertaining to Carnival's infringement theories beyond what was previously available to Carnival. As explained in detail in the Factual Background section above, the "Highly Confidential" ███████████████████████████████████████████████████████████████████████████████████████ .

Thus, Carnival was diligent in discovering the basis for the amendment. *ProconGPS, Inc. v. Skypatrol, LLC*, No. C 11-3975 SI, 2013 WL 1788049, at *1–2 (N.D. Cal. Apr. 26, 2013) (finding diligence where the amendment was based on recently produced documents where the defendant had initially delayed in producing responsive documents); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *2 (N.D. Cal. Nov. 6, 2013) (concluding that Linex was sufficiently diligent where "Linex amended its infringement contentions as it gained access to the relevant evidence from Defendants").

*Second*, in addition to acting diligently to discover the basis for the amendment, Carnival

also has been diligent in promptly seeking leave to amend its Infringement Contentions. Following Carnival's review of DeCurtis's September 23rd document production, Carnival timely moved on October 13, 2020 for leave to amend its First Amended Complaint to allege its new theories of infringement. ECF Nos. 81, 85. On October 21, 2020, the Court granted Carnival's motion for leave to amend its First Amended Complaint. ECF No. 86. Carnival then filed its Second Amendment Complaint on the same day. ECF No. 88. Following the granting of that motion, Carnival conferred with counsel for DeCurtis regarding the relief requested herein on November 5, 2020, filed a motion to seal its forthcoming motion for leave to amend on November 13, 2020 (ECF No. 98) and now following the grant of that motion to seal, files this motion seeking leave to amend its Infringement Contentions to conform to the allegations that already are set forth in Carnival's Second Amended Complaint.[5]

Accordingly, the facts demonstrate that Carnival has been diligent in moving to amend its infringement theories. *Ecomsystems, Inc. v. Shared Mktg. Servs., Inc.*, No. 8:10-CV-1531-T-33MAP, 2012 WL 12899143, at *1 (M.D. Fla. Jan. 25, 2012) (citing *O2 Micro Int'l v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (interpreting "good cause" to mean that "a party has been diligent in amending its contentions after the discovery of new evidence"))[6]; *DCG Systems*, 2012 WL 1309161, at *3 (granting amendment where "the manuals giving rise to the proposed amendment were not publicly available [and] DCG tendered its proposed amendments a few weeks after it received them").

Because Carnival was diligent in seeking leave to amend its infringement contentions, and because amendment would not frustrate the Patent Rules' purpose of "require[ing] parties to

---

[5] Practically speaking, it would not have made sense for Carnival to submit this request *prior* to the Court granting Carnival leave to amend its complaint. Because the amendment to Carnival's complaint and the amendment to its infringement contentions track each other, had the Court denied Carnival's request to amend the complaint, a request to amend infringement contentions would have been moot.

[6] In *Ecomsystems, Inc.*, the court found good cause for amendment of the plaintiff's infringement contentions pursuant to the standard in *Foman v. Davis*, 371 U.S. 178 (1962), which considers factors of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility in determining whether to deny amendment. *Ecomsystems, Inc.*, 2012 WL 12899143, at *1. None of those factors weigh against amendment here: as explained, Carnival has promptly moved for leave to amend to conform its infringement contentions with the allegations of its Second Amended Complaint and thus, no prejudice will result to DeCurtis as discussed *infra*. Further, the factors of futility and failure to cure deficiencies are inapplicable under the facts at hand.

crystallize their theories of the case early in the litigation," Carnival should be granted leave to amend. *See Tech. Licensing Corp. v. Blackmagic Design Pty Ltd., No. 13-CV-05184-SBA MEJ*, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014) (citing *O2 Micro Int'l v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006)).

## II. CARNIVAL'S AMENDMENT WILL NOT PREJUDICE DECURTIS.

Granting Carnival's motion for leave to amend its Infringement Contentions will not prejudice DeCurtis, particularly considering the early stage of this litigation. *See Fortinet*, 2010 WL 4608250, at *1 (concluding that "in light of the relatively early stage of this case" defendant would not be unduly prejudiced by allowing amendment of Fortinet's infringement contentions). Courts have found a lack of prejudice despite that an amendment "may force [defendant] to research further prior art [or] amend its invalidity contentions" (*DCG Systems*, 2012 WL 1309161, at *3), and even in circumstances where the court finds that, unlike here, the moving party "did not move to amend as expeditiously as it could have." *Contra MediaTek, Inc. v. Freescale Semiconductor, Inc.*, No. C11-5341 YGR JSC, 2013 WL 2403644, at *8 (N.D. Cal. May 31, 2013).

Here, there is a July 12, 2021 deadline to complete fact discovery and an August 25, 2021 deadline to complete expert discovery, and the case will not proceed to trial until early 2022 [ECF No. 73]; thus, DeCurtis has ample time to conduct discovery on Carnival's additional infringement theories. *See e.g., Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *2 (N.D. Cal. Nov. 6, 2013) (allowing amendment because "case remain[ed] in its early stage"); *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550, 2007 WL 1454259 at *2 (May 17, 2007) ("[t]here is still ample time left in the discovery period, so the Patent Local Rules' concern with parties sandbagging opponents late in the discovery period is also not at issue."); *Technology Licensing Corp. v. Blackmagic Design Pty Ltd.*, 2014 WL 5499511Case No. 13-cv-05184, at *3 (N.D. Cal. Oct. 30, 2014) (same, where dates had not yet been set for close of fact or expert discovery).

Furthermore, claim construction has not commenced; consequently, DeCurtis has adequate time to consider Carnival's infringement theories here too. *See* ECF No. 73. Notwithstanding, some courts have found a lack of prejudice even after the filing of claim construction briefs. *See Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *3–4 (N.D. Cal. Feb. 18, 2011) ("[w]hile it is true that [plaintiff] did not move for leave to amend until after the parties filed their claim construction briefs and [the magistrate judge] held

the claim construction hearing, the Court is not convinced that [plaintiff's] proposed amendments will dramatically affect any of the claims that were construed, and [the magistrate judge] can issue a supplemental claim construction order if he believes it to be necessary" and thus, the defendant "would not be unduly prejudiced" by the court granting leave to amend contentions); *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 315CV02897JSTKAW, 2016 WL 6673983, at *3 (N.D. Cal. Nov. 14, 2016) (granting Liveperson's motion to amend invalidity contentions even though 34/7 has already selected terms for claim constriction, submitted its claim construction positions, filed its opening brief, and selected claims for assertion); *MediaTek, Inc. v. Freescale Semiconductor, Inc.*, No. C11-5341 YGR JSC, 2013 WL 2403644, at *1, 8 (N.D. Cal. May 31, 2013) (granting in part MediaTek's motion for leave to amend its infringement contentions even where "MediaTek did not move to amend as expeditiously as it could have" and the motion to amend was brought after filing of claim construction briefing and after Markman hearing).

Carnival's infringement theories already are set forth in its Second Amended Complaint, making amendment of its contentions particularly appropriate. *See e.g. SanDisk Corp. v. Round Rock Research LLC*, No. C-11-5243-RS, 2013 WL 12173917 at *1 (N.D. Cal. Aug. 6, 2013) ("[e]ven if there is room for disagreement as to how diligent [the defendant] was, at this juncture in the schedule, permitting the amendment of the counterclaims is warranted under Rule 15, with the result that there is good cause for amending the infringement contentions as well.")

At this stage of the case, DeCurtis cannot show that granting leave to amend would prejudice DeCurtis, particularly since DeCurtis already was on notice of these infringement theories at the time it served its non-infringement contentions on October 29. Indeed, DeCurtis already addressed these theories in those non-infringement contentions. Exhibit N at 5-6, 11-12. The contentions do not add new patents or new products. The contentions do not assert new claims. The contentions do not change the substance of Carnival's theories as to how the accused devices practice the asserted claims; they merely show how DeCurtis's activities with respect to those devices infringe additional sections of the Patent Act based on the newly produced discovery. This belies any contention by DeCurtis that it would expend resources in responding to Carnival's infringement theories. In any event, such an argument should be rejected in favor of a full and fair determination of this litigation on the merits. *See Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, No. 13-CV-05184-SBA MEJ, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014) (rejecting the defendant's argument it would be prejudiced because it had already served invalidity

contentions, concluding any "tax" on the defendant's resources was outweighed by the plaintiff's "right to develop new information in discovery, as well as the interest in considering material information to secure the just resolution of this action."). Furthermore, during the parties' meet and confer process, DeCurtis did not identify any changes it would need to make to its contentions in response to Carnival's amendment.[7]

On the other hand, allowing Carnival to amend its infringement contentions to comport with the allegations of its Second Amended Complaint will further the interests of justice. *See e.g. Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, Case No. 13-cv-05184, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014) (amendment at this time would not "frustrate the [patent rules'] goal of 'requiring parties to crystallize their theories of the case early in the litigation.'"); *DCG Systems*, 2012 WL 1309161, at *3. If the Court were to deny Carnival leave to amend its Infringement Contentions, then Carnival effectively would be precluded from pursuing theories already set forth in its Second Amended Complaint, thereby prejudicing Carnival. *Motorola Mobility Inc.*, No. 1:1-cv-23580-RNS, ECF No. 259 at 2 ("[t]he Court finds that the prejudice to [the defendant] if not allowed to supplement would be too great, and may preclude a fair determination of this case on the merits.")

## CONCLUSION

WHEREFORE, for the foregoing reasons, Carnival respectfully requests that this Court grant Carnival's motion for leave to amend its Infringement Contentions.

## Rule 7.1 Certificate of Good Faith Conference

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion and has been unable to do so. Counsel for DeCurtis advised that DeCurtis intends to **oppose** Carnival's motion for leave to amend its infringement contentions.

---

[7] Carnival would not oppose a reasonable request by DeCurtis to amend its contentions to respond specifically to Carnival's amendment.

Dated:  December 2, 2020

RESPECTFULLY SUBMITTED,

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
MIAMI, FL 33131
TEL: (305) 416-6880


By: */s/ Jorge Espinosa*
    Jorge Espinosa
    Florida Bar No. 779032
    jorge.espinosa@gray-robinson.com
    Robert R. Jimenez
    Florida Bar No. 72020
    robert.jimenez@gray-robinson.com

    Diana Marie Fassbender
    Florida Bar No. 0017095
    dszego@orrick.com
    Steven J. Routh (*pro hac vice*)
    T. Vann Pearce, Jr. (*pro hac vice*)

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center,
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: (202) 339-8533

Robert L. Uriarte (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 289-7105

*Attorneys for CARNIVAL CORPORATION*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 2, 2020, a redacted copy of the foregoing was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.  An unredacted version of the foregoing brief and supporting exhibits are being served electronically, via email, on all counsel of record who are deemed to have consented such service under the Court's local rules.

Dated:   December 2, 2020

By: */s/ Jorge Espinosa*
Jorge Espinosa
