# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22945-Civ-SCOLA/TORRES

DECURTIS LLC,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____

CARNIVAL CORPORATION,

    Plaintiff,

v.

DECURTIS CORPORATION and DECURTIS LLC,

    Defendants.

_____/

**ORDER ON CARNIVAL'S MOTION FOR LEAVE**
**TO AMEND INFRINGEMENT CONTENTIONS**

This matter is before the Court on Carnival Corporation's ("Carnival") motion for leave to amend its infringement contentions. [D.E. 107]. DeCurtis, LLC ("DeCurtis") responded to the motion on December 16, 2020 [D.E. 112] to which Carnival replied on December 23, 2020. [D.E. 114]. Therefore, Carnival's motion is now ripe for disposition. After careful consideration of the motion, response, reply,

relevant authorities, and for the reasons discussed below, Carnival's motion for leave to amend its infringement contentions is **GRANTED**.[1]

## I. BACKGROUND

Carnival filed this action on April 10, 2020, bringing claims for breach of contract, misappropriation of trade secrets, and patent infringement. The gist of Carnival's allegations is that DeCurtis misappropriated Carnival's intellectual property to make and sell products/services to Carnival's competitors in the cruise line industry, including Norwegian Cruise Lines ("Norwegian"), and Virgin Voyages ("Virgin"). Carnival claims that DeCurtis violated certain confidentiality obligations and infringed on several patents, including the '184 patent, the '514 patent, and the '516 patent.

Discovery commenced on June 12, 2020 and, on that day, Carnival served its first set of interrogatories. Some of those interrogatories requested that DeCurtis describe in detail its relationships with Norwegian and Virgin as it relates to guest engagement systems. Carnival also served a first request for a production of documents seeking the same information. DeCurtis responded to those requests on July 27, 2020 and confirmed that it would produce copies of agreements with competitors pursuant to Fed. R. Civ. P. 33(d). Two months later on September 23, 2020, DeCurtis served amended responses, including the underlying contracts between DeCurtis and the cruise line competitors. DeCurtis produced these documents five days before the deadline for Carnival to serve its infringement

---

[1] On November 20, 2020, the Honorable Robert N. Scola referred all pretrial matters to the undersigned Magistrate Judge for disposition. [D.E. 102].

contentions. Carnival served its infringement contentions as required, but gave notice to DeCurtis that – due to the last-minute production – Carnival would seek leave to amend, if necessary, based on the documents produced.

On October 21, 2020, the Court granted Carnival's unopposed motion for leave to file a second amended complaint ("SAC") [D.E. 86] and Carnival filed that pleading later the same day. [D.E. 88]. Carnival now seeks leave to amend its infringements contentions so that it aligns with the allegations presented in the SAC and incorporates the latest information that DeCurtis produced prior to the September 28, 2020 deadline.

## II. APPLICABLE PRINCIPLES AND LAW

The Patent Local Rules "exist to further the goal of full and timely discovery and to provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, 2006 WL 1329997, at *4 (N.D. Cal. May 15, 2006). "The [R]ules are designed to require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). Thus, the Rules "require both the plaintiff and the defendant . . . to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).

Patent Local Rule 3-6 allows a party to amend its invalidity contentions "only by order of the Court upon a timely showing of good cause." [D.E. 44 at 10].[2] The Rule also provides the following "[n]on-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause":

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> (b) Recent discovery of material, prior art despite earlier diligent search; and
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

*Id.* at 10-11.

The moving party has the burden of demonstrating good cause in seeking leave to amend. *See 02 Micro*, 467 F.3d at 1366; *see also Radware Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014) ("The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence."). Good cause exists where the moving party has acted diligently and the opposing party will not be prejudiced. *Id.* Diligence consists of two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.*, 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015). "In considering the party's diligence, the critical question is whether the party could

---

[2] Local Patent Rule 3-6 is modeled after the Northern District of California's local patent rules, meaning case law from that district is instructive in determining whether Carnival has good cause for an amendment.

have discovered the new information earlier had it acted with the requisite diligence." *Radware*, 2014 WL 3728482, at *1.

If a court finds that the moving party acted with diligence, it must then determine whether the nonmoving party "would suffer prejudice if the motion to amend were granted." *Apple Inc. v. Samsung Elecs. Co. Ltd*, 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am. v. Stryker Corp.*, 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016). When the moving party is unable to show diligence, there is "no need to consider the question of prejudice." *O2 Micro*, 467 F.3d at 1368.

### III. ANALYSIS

Carnival seeks leave to amend its infringement contentions so that it aligns with the allegations presented in the SAC. Specifically, Carnival wants leave to amend so that it includes theories of direct infringement of the '184 patent under 35 U.S.C. § 271(a) and infringement of the '514 patent and '184 patents under 35 U.S.C. § 271(f). Carnival says that the proposed amendment does not add any new patents, claims, or products; it merely shows how DeCurtis used guest engagement systems to infringe on additional parts of the Patent Act consistent with what has already been presented in the SAC. For these reasons, Carnival requests leave to amend its infringement contentions because it has acted diligently and DeCurtis will suffer no prejudice.

### A. *Whether Carnival Acted Diligently*

"[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). Carnival says that it meets both requirements because, since discovery commenced in June 2020, it has acted diligently in requesting information from DeCurtis. In fact, Carnival claims that it served DeCurtis with requests on the first day that the Court permitted discovery and – through no fault of its own – DeCurtis failed to produce the items requested until the eve of the deadline to serve infringement contentions. Carnival states that there was no way it could have accessed the information any sooner because it constitutes nonpublic information that is unavailable. This is why, in Carnival's view, DeCurtis produced the information with a "Highly Confidential – Attorneys Eyes Only" designation because it includes non-public information on sales, hardware, software, supply chains, and related services with cruise line competitors. *See, e.g, ProconGPS, Inc. v. Skypatrol, LLC*, 2013 WL 1788049, at *1 (N.D. Cal. Apr. 26, 2013) (granting motion to amend infringement contentions because "[t]he additional detail contained in the infringement charts is largely based on discovery recently produced by Skypatrol, as well as the recent deposition of one of Skypatrol's customers, T Motor Sales.") (citing *See DCG Systems v. Checkpoint Technologies,* LLC, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012) (granting amendment where "the manuals giving rise to the

proposed amendment were not publicly available [and] DCG tendered its proposed amendments a few weeks after it received them")).

Carnival also says that it has been diligent in seeking leave to amend because, following a review of DeCurtis's September 23, 2020 document production, Carnival timely moved for leave to file a SAC on October 13, 2020 to include new theories of infringement. After the Court granted that motion and Carnival filed the revised pleading, Carnival conferred with DeCurtis on November 5, 2020 and shortly thereafter filed the pending motion to amend infringement contentions. Carnival argues that it would have not have made sense to file a motion to amend infringement contentions if the Court had not granted leave to proceed with a SAC because the two go hand in hand. That is, if the Court had denied Carnival's request to file a SAC, any request to amend infringement contentions would have been moot. Carnival therefore concludes that it has acted diligently throughout this entire case and that leave to amend should be granted.

DeCurtis opposes the relief sought because the documents that it produced on September 23, 2020 added nothing new of substance than what was already known to Carnival beforehand. DeCurtis first takes aim at the § 271(a) infringement theory because Carnival claims that the documents DeCurtis produced show that DeCurtis entered into contractual agreements and distributed infringing systems to cruise line competitors. DeCurtis says that Carnival was well aware of these activities when this case began because Carnival included allegations of this conduct in the first amended complaint ("FAC") filed on March 5,

7

2020. DeCurtis even includes a chart in its response that juxtaposes the "new" information that Carnival relies upon with prior case documents to show that the basis for a § 271(a) infringement theory was actionable long ago.

DeCurtis also argues that much of the same reasoning applies to the infringement theories under 35 U.S.C. § 271(f) because Carnival fails to identify any material information in the September 23, 2020 document production to show diligence. Carnival relies, for example, on a Services Agreement to show that DeCurtis supplied certain components from the United States to Virgin. DeCurtis says that Carnival was well aware of these developments because, in Carnival's FAC, there were allegations that DeCurtis supplied devices to Virgin and that Virgin combined those devices with other components to infringe on the '184 patent. Because Carnival is merely recycling old information that should have already been known, DeCurtis reasons that the motion should be denied for a lack of diligence.[3]

Before determining who has the better side of the argument, it is important to clarify the dispute presented. DeCurtis does not take issue with both forms of diligence. DeCurtis only says that Carnival could have asserted its infringement theories at an earlier date – not that Carnival lacked diligence in seeking leave to amend or that Carnival should have requested documents sooner. We will therefore limit our discussion to whether Carnival acted diligently in discovering the basis for an amendment.

---

[3] DeCurtis pushes back against the allegation that it unnecessarily delayed the production of third-party agreements. DeCurtis says that the reason it could not provide certain documents any sooner was because of confidentiality obligations that required the entry of a protective order. Once the parties agreed on a protective order, DeCurtis produced the documents requested.

Much of the disagreement on diligence stems from what information Carnival should have known prior to the deadline to serve infringement contentions. Take, for example, Carnival's infringement theories under 35 U.S.C. § 271(f). DeCurtis suggests that it was obvious that it supplied certain components to Norwegian and Virgin, and that the documents produced in September 2020 added nothing to what Carnival should have already known.[4] The problem with that position is that it undervalues the actual contracts with the cruise line competitors and the details of DeCurtis's supply chain. That is, even if Carnival knew generic information on how DeCurtis sourced devices from China and then supplied them to Norwegian and Virgin, the contracts make clear that certain components were supplied in or from the United States – a fact that is noticeably *not* in the record that DeCurtis referenced. It is therefore unclear how Carnival could have known this highly confidential information if DeCurtis had not produced the underlying documents. And it is equally unclear why Carnival should be penalized from using this information if DeCurtis, by its own admission, failed to serve Carnival with these documents until the eve of the deadline to serve infringement contentions.

DeCurtis's response to Carnival's Section 271(a) claims is even weaker. DeCurtis says that, based on the allegations in the parties' respective complaints, Carnival should have known of certain sales activities with Norwegian and Virgin. This is a feeble assertion because, although Carnival may have had a good faith

---

[4] DeCurtis also opposes Carnival's motion because the nonpublic information fails to establish a good faith claim under Section 271(f). There is no need to consider this argument because it goes to the merits of a Section 271(f) claim as opposed to whether DeCurtis acted diligently.

9

basis to allege that DeCurtis supplied hardware and software components to these companies, Carnival did not have the *specifics* about those transactions until the contracts themselves were disclosed in September 2020. DeCurtis wants to kneecap Carnival because the contracts coincide, to some extent, with prior allegations. Yet, DeCurtis has no persuasive response as to why Carnival should be penalized from amending its contentions just because the new information in the contracts support the overall theory that Carnival advanced at the inception of the case. It shows, if anything, that Carnival had a good faith basis for the allegations it presented when the action commenced and now the contracts further support those claims with greater evidence. The fact that Carnival had reason to believe that certain contracts existed with cruise line competitors does not mean that it should be charged with knowledge of all those terms. Thus, given the record presented, Carnival has shown diligence in discovering the basis for an amendment and diligence in moving for leave to amend.

### B.   *Whether Carnival's Amendment Would be Prejudicial*

Having established that Carnival acted diligently, the next question is whether an amendment would be prejudicial. DeCurtis says yes because the proposed amendments add new and questionable infringement theories. DeCurtis is also concerned that, if leave to amend is granted, it will unnecessarily increase costs where discovery has already begun. To the extent the Court disagrees and grants Carnival leave to amend, DeCurtis asks that it be given adequate time to prepare supplemental contentions to address any new theories prior to the Court

lifting the current stay on claim construction deadlines.

DeCurtis's response misses the mark because, even if some costs are increased as a result of an amendment to Carnival's infringement contentions, there has been no showing that granting leave to amend will disrupt the case schedule or other court orders. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, 2018 WL 5619743, at *6 (N.D. Cal. Oct. 29, 2018) ("As an initial matter, [defendant's] amendments do not appear to disrupt the case schedule or other court orders, and are therefore not prejudicial to [plaintiff], as far as the timing of the case goes.") (citing *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017)). The reason for that omission might be because – while discovery is underway – the fact discovery deadline is not until July 12, 2021 with a trial set for 2022. [D.E. 73]. *See Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) (finding no prejudice where the non-moving party "has not filed any substantive motion that will be impacted or rendered moot by [the moving party's] amendment" and when "there is ample time left in which to conduct discovery"). So, the fact that an amendment will require DeCurtis "to do more work than it otherwise would have performed without the amendment does not support a finding of prejudice." *Uniloc USA, Inc. v. Apple, Inc.*, 2020 WL 3128908, at *2 (N.D. Cal. June 12, 2020) (citing *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260 at *9). And given that Carnival has shown both diligence and a lack of prejudice, the motion for leave to file amended infringement contentions is **GRANTED**.

Foreseeing this potential result, DeCurtis requests an opportunity to prepare its own supplemental contentions to address Carnival's proposed amendment. Although not stated directly, DeCurtis suggests that this can cure any potential prejudice and allow the parties to litigate their theories of liability on the merits. That point is well taken, in part, because "[i]t is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2017 WL 2774339, at *6 (N.D. Cal. June 26, 2017) (quoting *Verinata,* 2014 WL 1648175, at *2); *Facebook, Inc. v. BlackBerry Ltd.*, 2020 WL 864934, at *10 (N.D. Cal. Feb. 13, 2020) ("[A]ny potential prejudice regarding the timing of Facebook's proposed amendments would be cured by granting BlackBerry leave to supplement its invalidity contentions.") (citation and quotation marks omitted). Carnival also has no objection to allowing DeCurtis to respond specifically to its proposed amendments. Therefore, given the agreement between the parties, Carnival shall promptly serve its amended infringement contentions and DeCurtis shall serve any supplemental contentions within twenty-one (21) days thereafter.[5]

### IV. CONCLUSION

For the foregoing reasons, Carnival's motion for leave to amend infringement contentions is **GRANTED**. Carnival shall promptly serve its amended infringement contentions and DeCurtis shall serve any supplemental contentions within twenty-one (21) days thereafter.

---

[5] Carnival's proposed draft of its infringement contentions is already finalized and attached as Exhibit M to the motion seeking leave to amend.

12

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of February, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge