United States District Court
for the
Southern District of Florida

| | |
|---|---|
| DeCurtis LLC, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Carnival Corporation, Defendant. ) | Civil Action No. 20-22945-Civ-Scola |
| Carnival Corporation, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DeCurtis Corporation and DeCurtis ) <br> LLC, Defendants. ) | Consol. Case No. 20-21547-Civ-Scola |

## Order Regarding Magistrate Judge's
## Reports and Recommendations as to Motions to Dismiss

In these consolidated cases, the parties' grievances against one another stem primarily from alleged intellectual-property rights related to portable devices aimed at enhancing guest engagement in various tourism venues. Carnival Corporation seeks redress against DeCurtis Corporation and DeCurtis LLC (singularly or collectively, "DeCurtis") for breach of contract, trade secret misappropriation, and patent infringement (Carnival's 2nd Am. Compl., ECF No. 88). DeCurtis, conversely, in its complaint, seeks declaratory relief as to non-infringement and unenforceability, and damages based on unfair competition, tortious interference, and antitrust violations (DeCurtis's Am. Compl., ECF No. 87). This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. (ECF No. 102.) Judge Torres has issued two reports and recommendations, recommending that the parties' respective motions to dismiss be granted in part and dismissed in part (Rep. & Rec. on DeCurtis's Mot. to Dismiss, ECF No. 120; Rep. & Rec. on Carnival's Mot. to Dismiss, ECF No. 128). Both parties have objected to Judge Torres's recommendations that portions of their respective complaints be dismissed (Carnival's Objs., ECF No. 124; DeCurtis's Objs., ECF No. 131). Both parties have also, in turn, timely responded to those objections (DeCurtis's Resp., ECF No. 127; Carnival's Resp., ECF No. 134). After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Torres's reports and recommendations, **in large part**, **modifying** them, however, to the extent explained in more detail, below (**ECF Nos. 120, 128**). Accordingly, and for the

following reasons, the Court **grants and part and denies in part** the parties' respective motions to dismiss (**ECF Nos. 94, 95**).

### 1. Background

DeCurtis is a technology company that designs and manufactures systems using wireless communications, small portable devices, and custom software to assist businesses—for example, cruise lines and restaurants—in improving their guests' experiences. Carnival is the world's largest and leading cruise vacation company. DeCurtis worked with Carnival, beginning in 2014, under the terms of a master services agreement, as Carnival sought to continue to develop or enhance its wireless guest-engagement system through an endeavor Carnival refers to as Project Trident. After Carnival and DeCurtis parted ways, in March 2017, Carnival began filing applications for, and later obtained, several patents related to Project Trident. Following approval of the patents, press reports came to Carnival's attention indicating that DeCurtis was potentially selling similar technology to certain Carnival competitors. Carnival thereafter contacted DeCurtis, Norwegian Cruise Line, and Virgin Voyages, the latter two both Carnival competitors, about those reports while informing them of Carnival's Project Trident patent portfolio.

In response, on April 8, 2020, DeCurtis filed a complaint in the Middle District of Florida and then, two days later, Carnival sued DeCurtis in this Court. A few months later, the Middle District transferred DeCurtis's case here and the two suits were subsequently consolidated. Carnival has amended its complaint twice; DeCurtis, once.

### 2. Standard of Review

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989) (cleaned up). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed, at

a minimum, for clear error. *Macort,* 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009).

### 3. Analysis

The Court has carefully reviewed both reports and recommendations. As to those portions of the reports to which the parties have objected, the Court has made a de novo determination of Judge Torres's findings and recommendations. All other aspects—except for whether the Court will sua sponte afford the parties leave to amend and whether the dismissed claims are dismissed with or without prejudice—have been reviewed for clear error.

### A. DeCurtis's Motion to Dismiss Carnival's Complaint

In its motion to dismiss, DeCurtis contends counts one through five of Carnival's complaint should be dismissed in their entireties. DeCurtis says Carnival's breach-of-contract claim, count one, should be dismissed based on the plain language of the parties' agreement and related correspondence; Carnival's trade-secret misappropriation claims, counts two and three, should be dismissed because they are based on "amorphous, ill defined 'trade secrets' that overlap entirely with [the allegedly infringed patents]"; and Carnival's allegation of infringement of the '184 patent, in count four, should be dismissed because it is directed to ineligible subject matter under 35 U.S.C. § 101 and fails to adequately plead direct infringement or infringement under 35 U.S.C § 271(f). (DeCurtis's Mot. at 2.) As to counts five and six, infringement of Carnival's '516 and '514 patents, respectively, DeCurtis argues each should be dismissed in part: count five because it fails to adequately plead indirect infringement (neither induced nor contributory); and count six because it fails to plead infringement under 35 U.S.C. § 271(f). (*Id.*)

After a thorough review, Judge Torres recommended denying DeCurtis's motion with respect to Carnival's breach of contract claim (count one) and its claims of infringement of Carnival's '184 and '514 patents (counts four and six). Judge Torres also recommended denying DeCurtis's motion with respect to DeCurtis's arguments that count five's induced infringement allegations should be dismissed. Neither party objects to Judge Torres's recommendations as to those denials.

On the other hand, Judge Torres recommended granting DeCurtis's motion with respect to Carnival's trade secret allegations, as well as Carnival's allegation's as to DeCurtis's contributory infringement of the '516 patent.

Judge Torres, thus, recommended granting DeCurtis's motion to dismiss counts two and three and part of count five. Carnival objects. With respect to Judge Torres's recommendation that Carnival's trade secret claims be dismissed, Carnival complains Judge Torres erred by (1) applying the wrong legal standard; (2) failing to accept Carnival's factual allegations as true; (3) drawing inferences against Carnival; and (4) failing to recognize that Carnival's allegations are at least as detailed as the allegations approved of by numerous other federal courts. (Carnival's Objs. at 2–3.) Carnival also complains that Judge Torres erred in recommending dismissal of its contributory infringement claim, as part of count five, because he focused solely on one paragraph of Carnival's complaint, ignoring other allegations that give rise to a plausible claim for contributory infringement. After careful de novo review, the Court overrules Carnival's objections.

  First, the Court disagrees with Carnival's assessment that Judge Torres applied the wrong standard in evaluating Carnival's trade-secret claims. Carnival references an unpublished decision from the Eleventh Circuit as providing guidance to courts evaluating such claims. Quoting that case, Carnival says, "'[A]t the dismissal stage in federal court, the plaintiff need only allege sufficient facts to plausibly show a trade secret was involved' and to give a defendant fair notice of the claims." (Carnival's Objs. at 5 (quoting *DynCorp Int'l v. AAR Airlift Group, Inc.*, 664 Fed. App'x 844, 848 (11th Cir. 2016)).) The Court finds no conflict, though, between Carnival's framing of the standard and Judge Torres's. Judge Torres, in his report, unambiguously agreed that "*DynCorp* is instructive on how to determine if a plaintiff meets this standard." (Rep. & Rec. re DeCurtis's Mot. at 12.) Indeed, Judge Torres quoted the very same language that Carnival now highlights. In sum, the Court agrees with Judge Torres regarding the applicable standard: there is no error in requiring a plaintiff to provide "some specifics" in order to state a claim for the misappropriation of trade secrets.

  Next, the Court also finds unavailing Carnival's complaints about the way Judge Torres viewed or interpreted Carnival's allegations. That is, the Court does not find that Judge Torres failed to accept the allegations as true; drew improper adverse inferences; or failed to recognize that Carnival's allegations were on par with allegations deemed sufficient by other courts. To the contrary, upon its own de novo review of the entirety of the complaint, the Court agrees with Judge Torres that the allegations in the complaint provide that "*everything* connected to Project Trident constitutes a trade secret" (*id.* at 16–17 (emphasis added)) without identifying with any specificity what it was that DeCurtis, among this universe of information, misappropriated. To be sure, "'all information' concerning a product is not a trade secret." *VVIG, Inc. v.*

*Alvarez*, 18-23109-CIV, 2019 WL 5063441, at *4 (S.D. Fla. Oct. 9, 2019) (Altonaga, J.). Further, even if it is, listing the universe of information associated with a product fails to notify DeCurtis as to any one trade secret, in particular, it is being accused of misappropriating. *See VVIG*, 2019 WL 5063441, at *4 ("Couching specific terms within a sweeping definition is insufficient to state a trade secret claim because doing so fails to notify [d]efendants *which* trade secret or secrets they allegedly misappropriated.") (emphasis in original). Thus, while many of the allegations highlighted by Carnival, in its objections, certainly identify specific trade secrets, with adequate detail, none of those allegations sufficiently identifies which trade secrets DeCurtis is actually being accused of misappropriating.

Finally, the Court finds Carnival's contention that Judge Torres erred in dismissing Carnival's contributory infringement claim, in count five, misses the mark. Carnival takes issue with Judge Torres's conclusion that Carnival failed to allege facts showing that the components at issue have no substantial non-infringing uses. According to Carnival, Judge Torres erred by failing to take into account allegations that affirmatively described the infringing product as being "designed to work with the Band." (Carnival's Objs. at 14 (quoting Carnival's 2nd Am. Compl. ¶ 164).) But, simply because a component has been "especially made or especially adapted," it does not necessarily follow, then, without more, that the component is categorically not suitable for any substantial non-infringing use. (Carnival's 2nd Am. Compl. ¶ 167.) In short, Carnival's allegations do not supply any factual information that would allow the Court to infer that the components are actually incapable of working together in a system that avoids infringement of the remaining claim limitations. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have *no* substantial non-infringing uses.") (emphasis added).

In sum, then, based on its own de novo review, the Court agrees with Judge Torres that Carnival has failed to state a claim for trade-secret misappropriation and for contributory infringement as set forth in counts two, three, and five.

### B. Carnival's Motion to Dismiss DeCurtis's Complaint

In its motion to dismiss DeCurtis's complaint, Carnival urges the Court to dismiss, based on a lack of subject-matter jurisdiction, four of DeCurtis's counts (one, eight, nine, and ten) in which DeCurtis seeks declaratory relief regarding various Carnival patents. Carnival also seeks dismissal, based on a

failure to state a claim, of DeCurtis's claims regarding monopolization, attempted monopolization, tortious interference, and unfair competition (counts two through five). More specifically, Carnival argues DeCurtis fails to state a claim for fraud on the United States Patent Office; DeCurtis's antitrust, tortious interference, and unfair competition claims run afoul of the patent privilege and the *Noerr-Pennington* doctrines; and DeCurtis's antitrust claim also fails to properly plead either market power or competitive injury.

After a thorough review, Judge Torres recommended denying Carnival's motion, in part, finding a number of Carnival's arguments unavailing. To begin with, Judge Torres disagreed with Carnival's argument that DeCurtis's claims of fraud on the Patent Office, as set forth in counts one through five, should be dismissed to the extent they are based on allegations that Carnival omitted Mr. DeCurtis as a named inventor in prosecuting its patents. Judge Torres also disagreed with Carnival's assessment that DeCurtis failed, in its antitrust claims, to sufficiently allege monopoly, market power, or anti-competitive effects. Finally, Judge Torres also rejected Carnival's position that DeCurtis's antitrust, tortious interference, and unfair competition claims (counts two through five) are barred under the patent privilege and the *Noerr-Pennington* doctrines. Neither party objects to Judge Torres's recommendations on any of these bases.

At the same time, Judge Torres recommended granting Carnival's motion with respect to a lack of subject-matter jurisdiction over DeCurtis's requests for declaratory relief in counts one, eight, nine, and ten. Judge Torres also agreed with Carnival that DeCurtis failed to allege claims based on prior-art fraud, as set forth as parts of counts one through five. DeCurtis objects to these aspects of Judge Torres report. In objecting to Judge Torres's finding as to a lack of subject-matter jurisdiction, DeCurtis complains Judge Torres failed to take into account the combined and cumulative effect of Carnival's communications, instead improperly considering them individually, in isolation from one another.[1] (DeCurtis's Objs. at 5.) Additionally, DeCurtis protests Judge Torres's finding that DeCurtis's prior-art allegations lack sufficient specificity to survive

---

[1] DeCurtis also, in a footnote, notes that Carnival does not challenge jurisdiction with respect to the declaratory relief requested in counts six and seven since those counts deal with patents that Carnival has now asserted in its own complaint. (DeCurtis's Objs. at 4 n. 4.) Accordingly, says DeCurtis, the Court should apply the same rationale to count one, at least as that count relates to the '184, '514, and '516 patents. (*Id.*) DeCurtis offers no explanation, however, as to why it failed to raise this issue before Judge Torres, in the first instance. Accordingly, the Court declines to take up this issue, now, especially given DeCurtis's cursory treatment of it in its objections. *See Williams,* 557 F.3d at 1292 ("[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

dismissal. (*Id.* at 9.) After careful de novo review, the Court overrules DeCurtis's objections.

First, as to DeCurtis's criticism as to the manner in which Judge Torres evaluated Carnival's communications, the Court is not persuaded. Judge Torres's analysis of the communications was comprehensive and all-encompassing, spanning some twelve pages of assessment. (Rep. & Rec. as to Carnival's Mot. at 10–22.) The Court has also reviewed the communications itself, de novo, along with the relevant case law, cited by both Judge Torres and the parties, and fully agrees with Judge Torres's conclusion that jurisdiction is lacking, for counts one, eight, nine, and ten, "without any reference that a *dispute* exists for any *specific* patent." (*Id.* at 16 (emphasis added), 18 (citing, among other cases, *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009), for contrast, where the court there found a dispute justiciable where a patentee twice contacted the plaintiff, simultaneously asserting rights against *specific products* under a *specific patent*).)

Second, the Court also finds DeCurtis's objections as to Judge Torres's findings regarding DeCurtis's prior-art fraud allegations unavailing. Judge Torres found DeCurtis's prior-art inequitable-conduct allegations vague, confusing, and inadequate in several respects. (*Id.* at 25 (noting "vague references to other systems without any specificity as to how they go hand in hand with a fraudulent failure to disclose") (noting lack of clarity regarding DeCurtis's allegation that Carnival's patent applications "failed to disclose the 'full extent of the prior art systems'"), 27 (finding DeCurtis's allegations "hopelessly vague in explaining the duty to disclose an electronic lock system") (pointing out that DeCurtis's allegation that the patent examiners could not appreciate the full extent of publicly available information failed to specify what it was, in particular, that the examiners failed to appreciate), 28 ("[I]t is entirely unclear how any of these allegations meet the heightened pleading requirements under Rule 9(b)").) After its own de novo review, the Court agrees with Judge Torres: "more specificity is required to meet the particularity requirements under Rule 9(b)." (*Id.* at 25–26.) Accordingly, the Court agrees that DeCurtis has failed to state a claim based on prior-art fraud, as alleged as theories supporting its claims in counts one through five.

### 4. Conclusion

As set forth above, the Court agrees with the entirety of Judge Torres's substantive conclusions and overrules both Carnival and DeCurtis's objections. The Court also finds no clear error with respect to the unobjected to portions of the reports.

However, the Court has further conducted a de novo review of Judge Torres's recommendation that both parties be afforded leave to amend and his determination that all of the dismissed claims should be dismissed without prejudice. In his report recommending dismissal of some of Carnival's claims, Judge Torres recommended affording Carnival the opportunity to correct the flaws in its second amended complaint. (Rep. & Rec. on DeCurtis's Mot. at 39.) And Carnival, in its objections to Judge Torres's report, also informs that it "is amenable to filing an amended complaint." (Carnival's Objs. at 2.) The Court notes that Carnival additionally requests "leave to amend any deficiencies identified by the Court," in a footnote, on the last page of its response to DeCurtis's motion to dismiss. (Carnival's Mot. at 20 n. 11.) Similarly, Judge Torres noted, in his report recommending dismissal of some of DeCurtis's claims, that DeCurtis could perhaps "repackage its allegations" or make some of its allegations "clearer in an amended complaint." (Rep. & Rec. on Carnival's Mot. at 21, 25.)

As to the claims that the Court agrees should be dismissed based on a failure to state a claim under Rule 12(b)(6), those claims are dismissed *with* prejudice, rather than without, as recommended by Judge Torres. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[T]he Supreme Court has clearly stated that the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.") (cleaned up). DeCurtis's counts for declaratory judgment, however, are dismissed for a lack of subject-matter jurisdiction and so are dismissed without prejudice, as Judge Torres recommended. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.")

Regardless, though, of whether the claims are dismissed with or without prejudice, the Court declines to adopt Judge Torres's recommendation that the parties be afforded leave to amend. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.") Further, to the extent Carnival seeks leave to amend, the Court denies those requests, inserted first as an afterthought, in its opposition to DeCurtis's motion to dismiss, and next as a kind of suggestion to the Court, in its objections. The requests are both procedurally defective and lacking in substantive support. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial*

*Salon & Spa, Inc.*, 740 Fed. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up). Further, the deadline for amending the pleadings has long since passed so any request for leave to amend would be untimely as well.

In sum, then, the Court **overrules the parties' objections** (**ECF Nos. 124, 131**) and **affirms and adopts** the entirety of the substance of Judge Torres's reports and recommendations (**ECF Nos. 120, 128**), modifying them only to the extent described in the preceding two paragraphs. Accordingly, the Court **grants** DeCurtis's motion to dismiss to Carnival's complaint, **in part**—as to counts two and three, in their entireties, and count five, as to contributory infringement, **with prejudice**—and **denies it in part**, as to the remainder. (**ECF No. 95**.) The Court also **grants** Carnival's motion to dismiss DeCurtis's complaint, **in part**—as to counts one, eight, nine, and ten, **without prejudice**, based on a lack of subject-matter jurisdiction, and as to the prior-art allegations of counts one through five, **with prejudice**—and **denies it in part**, as to the remainder. (**ECF No. 94**).

The parties must file their respective answers to the complaints on or before **May 3, 2021**.

**Done and ordered** at Miami, Florida, on April 19, 2021.

Robert N. Scola, Jr.
United States District Judge