## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22945-Civ-SCOLA/TORRES

DECURTIS LLC,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____

CARNIVAL CORPORATION,

     Plaintiff,

v.

DECURTIS CORPORATION and DECURTIS LLC,

     Defendants.

_____/

## ORDER ON PENDING MOTIONS
## <u>TO MODIFY THE COURT'S SCHEDULING ORDER</u>

This matter is before the Court on DeCurtis, LLC's and DeCurtis Corporation's (collectively, "DeCurtis") and Carnival Corporation's cross-motions to modify the Court's Scheduling Order. [D.E. 166-167]. Each party filed their respective responses and replies, and therefore the motions are now ripe for disposition. After careful consideration of the motions, responses, replies, relevant authorities, and for the

1

reasons discussed below, the motions are **GRANTED in part** and **DENIED in part**.[1]

## I.  ANALYSIS

On June 17, 2021, the Court issued an order on the pending motions to compel and directed the parties to confer and present a joint motion to modify the operative Scheduling Order.  [D.E. 163 at 25].  The Court stated that, if the parties failed to reach an agreement, either party could file a motion with the hope that most, if not all, the disputes could be resolved without the expenditure of more judicial resources. The parties completed that process and have now agreed, in many respects, on a proposed schedule.  Some disputes remain and we consider each parties' arguments in turn.

Carnival says that there is no dispute that a new Scheduling Order is needed and that the parties have reached an agreement on several deadlines.  That agreement ends, however, with the close of fact discovery all the way through trial. Carnival proposes a two-week trial commencing on June 20, 2022 and DeCurtis asks that the date be extended to November 15, 2022.  Carnival says that good cause exists for a modest extension, but it opposes adding unnecessary months to the schedule when there is no need to do so.  Carnival points out that the parties have had significantly more time than the typical patent case and that a short extension to all deadlines should be adequate to complete any outstanding tasks.  Thus, Carnival

---

[1]    On November 20, 2020, the Honorable Robert N. Scola referred all pretrial matters to the undersigned Magistrate Judge for disposition, including full authority to amend the Court's Scheduling Order.  [D.E. 102].

asks that the Court adopt its proposed deadlines in all respects and modify the Scheduling Order with dates that are commensurate with the work that needs to be performed.

DeCurtis opposes Carnival's proposed dates because it seeks to expedite post-claim construction deadlines. DeCurtis says that this case is much more complex than the typical patent dispute and that Carnival includes unrealistic deadlines for the Court to rule on claim construction, dispositive motions, and *Daubert* disputes. DeCurtis mentions, for example, that Carnival wants to shorten the time between the filing of dispositive and pretrial motions with no good cause presented for that relief.

DeCurtis also accuses Carnival of failing to consider the referral of all pretrial matters to the undersigned and the time needed for either party to present objections to Judge Scola. DeCurtis says that these pretrial matters are critical and that an orderly case schedule should add at least eight weeks to the patent case track for final disposition of any objections that might arise. To demonstrate the unrealistic characteristics of Carnival's position, DeCurtis takes aim at the proposal where it includes one month between the filing of dispositive motions due March 18, 2022 and motions in limine due April 20, 2022. DeCurtis argues that, even if the undersigned immediately issues a Report and Recommendation ("R&R") on the pending motions (which DeCurtis suggests is unrealistic), there is no possibility that any objections would be resolved until well after the expiration of future deadlines.

Furthermore, DeCurtis proposes extending the deadline for opening expert reports to four months after the deadline for responsive claim construction briefs because otherwise the parties might conduct discovery based on two competing sets of claim constructions.  DeCurtis claims that the only way Carnival's proposal would work is if the undersigned issues immediate rulings on claim construction and neither party objects.  If, however, either party objects, Carnival's timetable leaves no time for Judge Scola to adequately review these rulings and for the parties to comply with the remaining dates in the Scheduling Order.  DeCurtis suggests that, if the Court adopts Carnival's proposal, the Scheduling Order may have to be revisited at a later date.  For these reasons, DeCurtis asks that the Court adopt its proposed deadlines and issue a Scheduling Order that will require no additional extensions.

A district court's scheduling order may be modified only "upon a showing of good cause," which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")).  "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed."  *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85-86 (M.D. N.C. 1987)).  Further, "good cause is not shown if the amendment could have

been timely made," even if the opposing party would not be prejudiced.  *Id.*; *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011), *aff'd sub nom. Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012) ("Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether even after acquiring the information the plaintiff delayed in seeking the amendment.").

Here, the parties have presented good cause for an amended Scheduling Order. The only issue is what those revised deadlines should be.  The best place to start is where the parties have reached an agreement:

1. Exchange Proposed Terms for Construction: July 12, 2021
2. Exchange Preliminary Claim Construction and Extrinsic Evidence: August 13, 2021
3. File Joint Claim Construction and Prehearing Statement: October 1, 2021
4. Complete Claim Construction Discovery: October 22, 2021
5. File Opening Claim Construction Brief and File Opening Brief Asserting Claims for Invalidity and Unenforceability: November 5, 2021
6. File Responsive Claim Construction Briefs: November 23, 2021

[D.E. 166, 170].

The parties' agreement is well taken because the deadlines go hand in hand with the work that needs to be performed.  But, the Court notes that any deadlines that have already passed will not be extended.  That includes the exchange of proposed terms for claim construction due on July 12, 2021 and the exchange of preliminary claim construction and extrinsic evidence due on August 13, 2021.  The

passage of these deadlines is inconsequential because the parties agreed to proceed with their proposed schedule with the understanding that, at the time they filed their respective motions, the Court would not have time to issue a revised schedule before these dates expired.  [D.E. 166 at n.1 ("Carnival has proposed to DeCurtis that the parties exchange proposed terms for construction on July 12, 2021 even though the Court likely will not yet have adopted a new schedule.  Carnival understands that DeCurtis is willing to proceed with the agreed-upon claim construction deadlines.")].  Because the parties should have already complied with these deadlines, a revised Scheduling Order will start with the filing of a joint claim construction and prehearing statement due on October 1, 2021.

The next issue is the deadline for the close of fact discovery.  The parties agree that their responsive claim construction briefs should be filed on November 21, 2021.  But, DeCurtis proposes that fact discovery close on March 1, 2022 whereas Carnival proposes that fact discovery close on December 23, 2021.

In looking at the original Scheduling Order, Judge Scola gave the parties 108 days between the filing of claim construction briefs on March 26, 2021 and the close of fact discovery on July 12, 2021.  DeCurtis seeks the same amount of time because fact discovery remains in its infancy and no depositions have taken place. Yet, while the parties have continued to experience numerous difficulties in completing fact discovery, there is no good cause for extending fact discovery into next year.  The parties have attended several discovery hearings thus far and the Court has issued a lengthy discovery order to resolve ongoing disputes.  The procedural posture therefore

undercuts the amount of time DeCurtis seeks because the parties are no longer starting discovery from scratch.  Indeed, each party has had many months to schedule depositions or issue written discovery.  Whether the parties delayed those matters for strategic purposes or other reasons is immaterial because, given how much time has already passed since the filing of this case, fact discovery must end sooner rather than later.

DeCurtis says that the deadline for fact discovery, in isolation, is irrelevant and that, regardless of when this period expires, the Court needs to decide the more important question of whether the deadline for serving expert reports should be January 21, 2022 or March 29, 2022.  [D.E. 171 at 2-3].  If the Court agrees with DeCurtis, it claims that there is no reason to prematurely close fact discovery in December 2021.  But, based on the undersigned's experience and the slow pace at which the parties have conducted discovery thus far, an extension of the fact discovery deadline will only invite further delay and allow the parties to wait until the end of the discovery period to present disputes that may derail future deadlines. The Court declines to go down that path.  Because Carnival's proposed date is better tailored to the procedural posture of this case, fact discovery will close on December 23, 2021.

The next issue is the deadline to serve expert summaries and reports.  Judge Scola originally set this deadline for July 12, 2021 with rebuttals due consistent with the timeframe provided under Fed. R. Civ. P. 26(a)(2)(C)(ii).  DeCurtis proposes that the Court extend the deadline to serve experts reports to March 29, 2022 because,

without an extension, there is a risk that the parties conduct expert discovery on two competing sets of claim constructions without Judge Scola having the opportunity to rule on any objections.  That concern has some merit because, after the undersigned issues a R&R on the claim construction briefs – that will be ripe for disposition on November 30, 2021 – the parties will have fourteen days under the Local Rules to file any objections and the opposing party may file a response.  So, if the undersigned issues a R&R on December 15, 2021 and the parties file objections and responses, the matter may not be ripe for Judge Scola until mid-January at the earliest.

This hypothetical renders Carnival's proposal for the service of expert reports on January 21, 2022 impracticable because, without final disposition of the claim construction matters, the parties will be ill-equipped to serve their expert reports by that time.   DeCurtis's proposal, on other hand, is too prolonged because it contemplates the service of expert reports on March 29, 2022.  The undersigned will adopt a middle ground between the parties and set the date for serving expert reports on March 1, 2022.  This will allow the undersigned sufficient time to issue a R&R, for the parties to file any objections and responses, for Judge Scola to make a ruling on those objections, and for the parties to serve their expert reports consisting with that ruling.[2]  Expert discovery will subsequently close 44 days later and consistent with the time frame provided in original Scheduling Order on April 14, 2022.

---

[2]     Rebuttal expert disclosures will be permitted but must conform to the deadline set forth in Fed. R. Civ. P. 26(a)(2)(C)(ii).

The only material dispute remaining is the deadline for filing dispositive and pretrial motions.  Carnival says that dispositive motions should be due on March 18, 2022 with all other pretrial motions due on April 20, 2022.   DeCurtis claims that both of Carnival's dates are inadequate and that dispositive motions should be due on May 24, 2022 with the remaining pretrial motions due on September 20, 2022.

The Court's original Scheduling Order included 9 days between the completion of expert discovery and the filing of dispositive and *Daubert* motions.  The undersigned will adopt the same timeframe and require all dispositive and *Daubert* motions to be filed 9 days after expert discovery closes on April 14, 2022.  The same timespan will apply for the filing of all pretrial motions, including motions in limine, where the original Scheduling Order gave the parties 84 days after the close of expert discovery to file these items.  Dispositive and *Daubert* motions will therefore be due on April 23, 2022 with all other pretrial motions due on July 7, 2022.[3]

As for the filing of a joint pretrial stipulation, that will be due on August 8, 2022 and jury instructions due on August 25, 2022.  Calendar call will follow on August 31, 2022 and a two-week trial will commence on September 5, 2022.[4] Accordingly, the parties' motions to amend the Court's Scheduling Order are

---

[3]   DeCurtis's concern on the timing of a R&R on dispositive and *Daubert* motions is overstated because, even if the undersigned does not issue an immediate recommendation, there is more than enough time built into this revised Scheduling Order that gives the parties time to object and for Judge Scola to issue a final ruling.

[4]   The dates for calendar call and trial are tentative and subject to the availability of the District Judge.  To the extent calendar call or trial needs to be reset, the District Judge will issue a separate order.

**GRANTED in part** and **DENIED in part** with a full list of the deadlines set forth below:

1. Deadline to File Joint Claim Construction and Prehearing Statement: October 1, 2021
2. Deadline to Complete Claim Construction Discovery: October 22, 2021
3. Deadline to File Opening Claim Construction Brief and File Opening Brief Asserting Claims for Invalidity and Unenforceability: November 5, 2021
4. Deadline to File Responsive Claim Construction Briefs: November 23, 2021
5. Deadline to Complete Fact Discovery: December 23, 2021
6. Deadline to Complete Mediation: January 10, 2022
7. Deadline to Disclose the Identity of Expert Witnesses and Serve Expert Witness Summaries/Reports pursuant to Fed. R. Civ. P. 26(a)(2): March 1, 2022.
8. Deadline to Complete all Expert Discovery: April 14, 2022
9. Deadline to File all Dispositive and *Daubert* Motions: April 23, 2022
10. Deadline to File all Pretrial Motions, including motions in limine: July 7, 2022
11. Deadline to File Pretrial Stipulation and Pretrial Disclosures: August 8, 2022
12. Deadline to File Jury Instructions: August 25, 2022
13. Calendar Call: August 31, 2022
14. Trial Commencing: September 5, 2022

## II.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that parties' motions to amend the Court's Scheduling Order are **GRANTED in part** and **DENIED in part**.[5]

---

[5]   Absent compelling circumstances, none of the deadlines in this revised Scheduling Order will be extended.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of

August, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge