UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DECURTIS LLC,<br><br>Plaintiff,<br><br>v.<br><br>CARNIVAL CORPORATION,<br><br>Defendant. | Civil Action No. 1:20-22945-Civ-Scola |
| CARNIVAL CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>DECURTIS CORPORATION and DECURTIS LLC,<br><br>Defendant. | |

**CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO DECURTIS CORPORATION AND DECURTIS LLC'S COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant Carnival Corporation ("Carnival"), by and through its undersigned counsel, hereby answers Defendant/Counterclaim Plaintiff DeCurtis Corporation and DeCurtis LLC's (collectively "DeCurtis") Counterclaims [DE 155] and states:

**THE PARTIES**

1. Carnival is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations contained in the first sentence of Paragraph 1 of DeCurtis'

Counterclaims and accordingly denies the same. Carnival does not dispute that DeCurtis provides technology relating to guest engagement systems, including for cruise ships. To the extent DeCurtis alleges that it or its employee(s) invented and/or own the technology relating to guest engagement systems that it provides, including for cruise ships, Carnival denies such allegations.

2. Admitted.

## JURISDICTION AND VENUE

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Carnival admits that the Counterclaims purport to assert claims arising under the Declaratory Judgment Act and the patent laws of the United States. Carnival further states that it does not contest that the Court has subject matter jurisdiction over the Counterclaims. Carnival denies all remaining allegations of this Paragraph.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Carnival states that it does not contest that venue is proper in this District for purposes of this action only. Carnival denies all remaining allegations of this Paragraph.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Carnival admits that it has brought legal action against DeCurtis for DeCurtis' infringement of the Asserted Patents as defined in Paragraph 5. Carnival further states that it does not contest that the Court has personal jurisdiction over Carnival for purposes of this action only. Carnival denies all remaining allegations of this Paragraph.

## PATENTS AT ISSUE

6. Paragraph 6 contains a legal description to which no response is required. To the extent a response is required, Carnival admits that DeCurtis has brought an action for declaratory judgment of noninfringement, invalidity, and/or unenforceability of three Carnival patents. Carnival denies that DeCurtis is entitled to any relief on these claims, and otherwise denies the allegations of this Paragraph.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Carnival denies same.

8. Admitted.

9. Admitted.

10. Carnival admits that it has asserted claims for infringement against DeCurtis, as set forth in Carnival's Second Amended Complaint, infringement contentions, expert reports, and other discovery responses. Carnival otherwise denies the allegations of this Paragraph.

11. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Carnival does not contest that the Court has subject matter jurisdiction over the Counterclaims. Carnival denies all remaining allegations of this Paragraph.

## GENERAL ALLEGATIONS PERTAINING TO INEQUITABLE CONDUCT COUNTS

12. Denied.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Carnival states that the language of 37. C.F.R. § 1.56(a) speaks for itself and denies all remaining allegations of this Paragraph.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Carnival states that the language of 37. C.F.R. § 1.56(a) speaks for itself and denies all remaining allegations of this Paragraph.

15. Carnival admits the allegations in the first sentence of Paragraph 15. Carnival admits that the patents identified in Paragraph 15 do not name David DeCurtis as an inventor. Carnival denies all remaining allegations in Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. The first sentence of Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Carnival denies these allegations. Carnival admits that the '184 Patent, the '514 Patent, and the '516 Patent do not identify David DeCurtis as an inventor. Carnival admits that none of the '184 Patent, the '514 Patent, or the '516 Patent have been amended to include David DeCurtis as an inventor. Carnival denies the remaining allegations of this Paragraph.

23. As written, Carnival is without knowledge or information sufficient to form a belief as to the allegations in the first three sentences of Paragraph 23 and therefore denies same. Carnival denies all remaining allegations in Paragraph 23.

24. Denied.

25. Denied.

26. Carnival lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 26, and on that basis denies them. Carnival denies all remaining allegations in Paragraph 26.

27. Denied.

28. Denied.

29. Denied.

30. Carnival is without knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 30 and therefore denies the allegations in the first sentence of Paragraph 30. The remaining sentences of Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, Carnival denies these allegations.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Carnival is without knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 35 and therefore denies the allegations in the first sentence of Paragraph 35. The remaining sentences of Paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, Carnival denies these allegations.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT ONE
### (Declaratory Judgment of Invalidity of the '184 Patent)

40. Carnival hereby realleges and incorporates by reference Paragraphs 1 to 11 as if fully set forth herein.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, Carnival does not contest that the Court has subject matter jurisdiction over the Counterclaims. Carnival denies all remaining allegations of this Paragraph

48. Denied.

## COUNT TWO
### (Declaratory Judgment of Unenforceability of the '184 Patent)

49. Carnival hereby restates and incorporates by reference Paragraphs 1 to 39 as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT THREE
### (Declaratory Judgment of Invalidity of the '514 Patent)

55. Carnival hereby realleges and incorporates by reference Paragraphs 1 to 11 as if fully set forth herein.

56. Admitted.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Carnival does not contest that the Court has subject matter jurisdiction over the Counterclaims. Carnival denies all remaining allegations of this Paragraph.

63. Denied.

## COUNT FOUR
### (Declaratory Judgment of Unenforceability of the '514 Patent)

64. Carnival hereby restates and incorporates by reference Paragraphs 1 to 39 as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. As to the allegations in the first sentence of Paragraph 69, Carnival states that the specifications of the '184 and '514 Patents speak for themselves. As to the allegations in the

second sentence of Paragraph 69, Carnival states that Carnival admits that the inventions disclosed in the Carnival Patents are related to technology that pertains to guest engagement systems. Carnival further admits that the inventions disclosed in the '184 and '514 Patents are related to the development work on Project Trident. Carnival denies all remaining allegations in Paragraph 69.

70. Denied.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of the '516 Patent)

71. Carnival hereby realleges and incorporates by reference Paragraphs 1 to 11 as if fully set forth herein.

72. Admitted.

73. Admitted.

74. Admitted.

75. Paragraph 75 is a recitation of Claim 1 of the '516 Patent to which no response is required as the Patent speaks for itself.

76. Paragraph 76 is a recitation of Claim 13 of the '516 Patent to which no response is required as the Patent speaks for itself.

77. Denied.

78. Denied.

79. Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, Carnival does not contest that the Court has subject matter jurisdiction over the Counterclaims. Carnival denies all remaining allegations of this Paragraph.

80. Denied.

## COUNT SIX
### (Declaratory Judgment of Invalidity of the '516 Patent)

81. Carnival hereby realleges and incorporates by reference Paragraphs 1 to 11 as if fully set forth herein.

82. Admitted.

83. Denied.

84. Denied.

85. Denied

86. Denied.

87. Denied.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Carnival does not contest that the Court has subject matter jurisdiction over the Counterclaims. Carnival denies all remaining allegations of this Paragraph.

89. Denied.

## COUNT SEVEN
### (Declaratory Judgment of Unenforceability of the '516 Patent)

90. Carnival hereby restates and incorporates by reference Paragraphs 1 to 39 as if fully set forth herein.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. As to the allegations in the first sentence of Paragraph 95, Carnival states that the specifications of the '184 and '516 Patents speak for themselves. As to the allegations in the

second sentence of Paragraph 95, Carnival states that Carnival admits that the inventions disclosed in the Carnival Patents are related to technology that pertains to guest engagement systems. Carnival further admits that the inventions disclosed in the '184 and '516 Patents are related to the development work on Project Trident. Carnival denies all remaining allegations in Paragraph 95.

96. Denied.

97. Carnival specifically denies each and every allegation of DeCurtis' Counterclaims that has not been specifically admitted hereinabove.

**PRAYER FOR RELIEF**

The section of DeCurtis' Counterclaims titled "Prayer for Relief," including paragraphs A through G therein, set forth a prayer for relief requested by DeCurtis to which no response is required. However, to the extent a response is nonetheless deemed required, Carnival denies that DeCurtis is entitled to any relief whatsoever, including the relief requested in its Counterclaims. Further, to the extent DeCurtis' Counterclaims' Prayer for Relief is deemed to include any factual allegations, Carnival denies all such allegations.

A. Carnival denies that DeCurtis is entitled to the relief as requested in this subparagraph.

B. Carnival denies that DeCurtis is entitled to the relief as requested in this subparagraph.

C. Carnival denies that DeCurtis is entitled to the relief as requested in this subparagraph.

D. Carnival denies that DeCurtis is entitled to the relief as requested in this subparagraph.

E. Carnival denies that DeCurtis is entitled to the relief as requested in this subparagraph.

F. Carnival denies that DeCurtis is entitled to the relief as requested in this subparagraph.

G. Carnival denies that DeCurtis is entitled to the relief as requested in this subparagraph.

## COUNTERCLAIM DEFENDANT CARNIVAL CORPORATION'S AFFIRMATIVE DEFENSES TO COUNTERCLAIM PLAINTIFF DECURTIS CORPORATION AND DECURTIS LLC'S COUNTERCLAIMS

Counterclaim Defendant Carnival Corporation asserts the following affirmative defenses without assuming any legal or factual burden not otherwise assigned to it under the law and reserves the right to assert additional defenses if appropriate.

### First Affirmative Defense: Failure to State a Claim

Each of DeCurtis' Counts fails to state a claim upon which relief can be granted and therefore should be dismissed. Moreover, DeCurtis' allegations of fraud on the U.S. Patent and Trademark Office, and all claims that rest upon that assertion, are barred because they fail to allege the circumstances of such fraud with requisite particularity under FED. R. CIV. P. 9(b), and fail to state a cognizable theory of fraud or inequitable conduct, and therefore fail to state a claim upon which relief can be granted. DeCurtis' allegations rest on conclusory statements and recitations of elements that fail to state a plausible basis for its claims.

### Second Affirmative Defense: Estoppel

DeCurtis' claims, in whole or in part, are barred by its own conduct, actions, and inaction as alleged in Carnival's Complaint, including its conduct in knowingly violating its contractual obligations to Carnival, knowingly and willfully infringing Carnival's patents, and making false and unfounded accusations of fraudulent and tortious behavior, which amount to and constitute an estoppel as to all relief sought.

### Third Affirmative Defense: Unclean Hands

DeCurtis' claims, in whole or in part, are barred from recovery by the doctrine of unclean hands arising from its conduct, including its conduct in knowingly violating its contractual obligations to Carnival, knowingly and willfully infringing Carnival's patents, knowingly misrepresenting Carnival's technology as its own, and making false and unfounded accusations

of fraudulent and tortious behavior.

### Fourth Affirmative Defense: No Enhanced Damages or Exceptional Case

Carnival has not engaged in any conduct that would entitle DeCurtis to an award of enhanced damages, or that would make this case an exceptional case, or that would entitle DeCurtis to an award of attorneys' fees.

### Fifth Affirmative Defense: Unjust Enrichment

DeCurtis' claims are barred, in whole or in part, because DeCurtis would be unjustly enriched if DeCurtis were allowed to recover all or any part of the damages alleged in DeCurtis' Counterclaims. Any expenses or losses incurred by DeCurtis are based on constitutionally protected petitioning and/or DeCurtis' own continued breach of its contractual obligations to Carnival and infringement of Carnival patents.

### Sixth Affirmative Defense: Preclusion

DeCurtis' claims are barred, in whole or in part, by the doctrines of law of the case, the mandate rule, collateral estoppel, and/or res judicata. This Court may have ruled upon issues in this litigation in the Court's Order dismissing, with prejudice, certain claims by DeCurtis. Dkt. 144. Any issue decided against DeCurtis in any of the Court's prior orders cannot be relitigated.

### RESERVATION OF ADDITIONAL DEFENSES

Carnival's investigation of the claims and its defenses is continuing. Carnival reserves the right to assert additional defenses, such as through amendment of its Answer, that may develop through discovery in this action or otherwise.

WHEREFORE, Plaintiff/Counterclaim Defendant Carnival, having answered Defendant/Counterclaim Plaintiff DeCurtis' Counterclaims, respectfully requests that this Court enter judgment for Carnival, and against DeCurtis, together with awarding Carnival its costs and reasonable attorney fees for defending against these Counterclaims, and such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,

*/s/ Diana Marie Fassbender*
Diana Marie Fassbender
Florida Bar No. 0017095
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center, 1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: (202) 339-8533
dszego@orrick.com

Steven J. Routh (*pro hac vice*)
T. Vann Pearce, Jr. (*pro hac vice*)
Jay Jurata (*pro hac vice*)
Emily Luken (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center, 1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: (202) 339-8533
srouth@orrick.com
vpearce@orrick.com
jjurata@orrick.com
eluken@orrick.com

Jorge Espinosa (Fla. Bar No. 779032)
Robert R. Jimenez (Fla. Bar. No. 72020)
**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Tel: (305) 416-6880
Facsimile: (305) 416-6887
jorge.espinosa@gray-robinson.com
robert.jimenez@gray-robinson.com

Robert L. Uriarte (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 289-7105

ruriarte@orrick.com

Olivia Clements (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
oclements@orrick.com

Johannes Hsu (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Tel: (949) 567-6700
johanneshsu@orrick.com

David R. Medina (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 South Figueroa Street
Suite 3200
Los Angeles. CA 90017-5855
Tel: (213) 629-2020
dmedina@orrick.com

Sheryl Koval Garko (*pro hac vice*)
Laura Najemy (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
222 Berkeley Street
Suite 2000
Boston, MA  02116
(617) 880-1800
sgarko@orrick.com
lnajemy@orrick.com


*Attorney for Plaintiff/Counterclaim Defendant Carnival Corporation*