**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CIVIL ACTION NO. 20-22945-CIV-SCOLA/TORRES**

CARNIVAL CORPORATION,

          Plaintiff,

   v.

DECURTIS CORPORATION and
DECURTIS LLC

          Defendants.

DECURTIS LLC,

          Plaintiff,

    v.

CARNIVAL CORPORATION,

          Defendant.

**CARNIVAL CORPORATION'S RESPONSE TO DECURTIS' STATEMENT OF FACTS**

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

**Index of Exhibits**

| Exhibit No. | Description | ECF No. | Confidentiality | Name for ECF Filing |
|---|---|---|---|---|
| 134 | Exhibit 3 (Back Up) to the Opening Expert Report of Mary Coleman, Ph.D. dated March 1, 2022 (Original Produced in Native Format) | | Highly Confidential | Exhibit 134 – Exhibit 3 (Back Up) to Coleman Report |
| 135 | PDF of Excel Spreadsheet (DeCurtis_01602071) (Original Produced in Native Format) | | Highly Confidential | Exhibit 135 - Excel Spreadsheet (DeCurtis_01602071) |
| 136 | PDF of Excel Spreadsheet (DeCurtis_01860190) (Original Produced in Native Format) | | Highly Confidential | Exhibit 136 - Excel Spreadsheet (DeCurtis_01860190) |
| 137 | PDF of Excerpt of Excel Spreadsheet (DeCurtis_01961733) (Original Produced in Native Format) | | Highly Confidential | Exhibit 137 - Excel Spreadsheet (DeCurtis_01961733) |
| 138 | DeCurtis Holdings LLC Company Information (SHAMROCK_00004187-4188) | | Highly Confidential | Exhibit 138 – SHAMROCK_00004187-4188 |
| 139 | Email Chain from Blias, Halpert, Lieberman & Greene LLC dated March 28, 2019 (DeCurtis_01859589-903) | | Highly Confidential | Exhibit 139 - Email chain dated March 28, 2019 (DeCurtis_01859589-903) |
| 140 | Statement of Work between Level 11 and DeCurtis Corp. dated May 1, 2018 (DeCurtis_01962521-524) | | Highly Confidential | Exhibit 140 - Statement of Work (DeCurtis_01962521-524) |
| 141 | Evercore Project Ocean Presentation dated February 2021 (EVR0002231-2242) | | Highly Confidential | Exhibit 141 – Project Ocean document |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| | | | | |
|---|---|---|---|---|
| 142 | Transcript of Deposition of Jon Engbretsen dated December 21, 2021 ("Engbretsen Dep.") | | Highly Confidential | Exhibit 142 - Jon Engbretsen Deposition (Dec. 21, 2021) |
| 143 | ███████████ (DeCurtis_00807542-559) | | Highly Confidential | Exhibit 143 - ███████████ |
| 144 | U.S. Pat. Pub. No. US2016/0055697 ("Raina") | | | Exhibit 144 - U.S. Pat. Pub. No. US2016/0055697 |
| 145 | ███████ (DeCurtis_00704194-212) | | Highly Confidential | Exhibit 145 – ███████████ |
| 146 | DeCurtis Corp. Transaction Report (DeCurtis_01992624) | | Highly Confidential | Exhibit 146 - DeCurtis Corp. Transaction Report |
| 147 | Email Chain between DeCurtis, Virgin, and Assa Abloy with attachment dated March 29, 2019 (DeCurtis_00808683-697) | | Highly Confidential | Exhibit 147 - Email Chain between DeCurtis, Virgin, and Assa Abloy (March 29, 2019) |
| 148 | Email Chain between DeCurtis, Virgin, and Assa Abloy dated November 22, 2019 (DeCurtis_00725842-845) | | Highly Confidential | Exhibit 148 - Email Chain between DeCurtis, Virgin, and Assa Abloy (Nov. 22, 2019) |
| 149 | Internal DeCurtis Email dated March 11, 2020 (DeCurtis_01620105-114) | | Highly Confidential | Exhibit 149 – Internal DeCurtis Email (March 11, 2020) |
| 150 | Non-Infringement, Unenforceability, and Invalidity Contentions of DeCurtis LLC and DeCurtis Corporation, October 29, 2020, at Exhibit 184-A Invalidity Claim Chart for U.S. Patent No. 10,045,184 | | | Exhibit 150 - Exhibit 184-A, Invalidity Claim Chart for U.S. Patent No. 10,045,184 |

CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER

|  |  |  |  |  |
|---|---|---|---|---|
|  | ("the '184 patent") |  |  |  |
| 151 | Non-Infringement, Unenforceability, and Invalidity Contentions of DeCurtis LLC and DeCurtis Corporation, October 29, 2020, at Exhibit 516-A Invalidity Claim Chart for U.S. Patent No. 10,049,516 ("the '516 patent") |  | Highly Confidential | Exhibit 151 - Exhibit 516-A Invalidity Claim Chart for U.S. Patent No. 10,049,516 |
| 152 | ███████████████ ██████ (DeCurtis_01891932-940) |  | Highly Confidential | Exhibit 152 - ██████████████ |
| 153 | ████████████ (DeCurtis_00729853-854) |  | Highly Confidential | Exhibit 153 - ██████████ |
| 154 | Internal DeCurtis Email dated July 5, 2020 (DeCurtis_01828250-273) |  | Highly Confidential | Exhibit 154 – Internal DeCurtis Email (July 5, 2020) |
| 155 | Email Chain between DeCurtis, Virgin, and Assa Abloy dated November 4, 2019 (DeCurtis_00727448-449) |  | Highly Confidential | Exhibit 155 - Email Chain between DeCurtis, Virgin, and Assa Abloy (Nov. 4, 2019) |
| 156 | ███████████████ ██████████████ |  | Highly Confidential | Exhibit 156 - ██████████████ |
| 157 | DeCurtis LLC's Notice of Subpoenas to Third Party Assa Abloy Global Solutions, Inc. dated October 8, 2020 |  |  | Exhibit 157 - DeCurtis LLC's Notice of Subpoenas to Third Party Assa Abloy Global Solutions, Inc. (Oct. 8, 2020) |
| 158 | Email Chain between DeCurtis, Virgin, and Assa Abloy dated May 8, 2020 |  | Highly Confidential | Exhibit 158 - Email Chain between DeCurtis, Virgin, and Assa Abloy |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| | (DeCurtis_01889600-610) | | | (May 8, 2020) |
|---|---|---|---|---|
| 159 | Internal DeCurtis Email dated May 22, 2018 ▮▮▮▮▮ ▮▮ | | Highly Confidential | Exhibit 159 – Internal DeCurtis Email (May 22, 2018) |
| 160 | First Amended. Answers of DeCurtis LLC and DeCurtis Corp. to Carnival's First Set of Interrogatories dated September 23, 2020 | | | Exhibit 160 - First Amended. Answers of DeCurtis LLC and DeCurtis Corp. to Carnival's First Set of Interrogatories (Sept. 23, 2020) |
| 161 | Email Chain between DeCurtis, Virgin, and Assa Abloy with attachments dated September 13, 2018 (DeCurtis_01496843-896) | | Highly Confidential | Exhibit 161 - Email Chain between DeCurtis, Virgin, and Assa Abloy with attachments (Sept. 13, 2018) |
| 162 | Internal DeCurtis Email dated October 23, 2020 (DeCurtis_00829416) | | Highly Confidential | Exhibit 162 – Internal DeCurtis Email (Oct. 23, 2020) |
| 163 | Email from Andrew Nordahl to Carnival Counsel dated March 30, 2022 | | | Exhibit 163 – Nordahl Email dated March 30, 2022 |
| 164 | Email Chain between DeCurtis and Shamrock dated October 12, 2019 (DeCurtis_01630715-721) | | Highly Confidential | Exhibit 164 - Email Chain between DeCurtis and Shamrock (Oct. 12, 2019) |
| 165 | ▮▮▮▮▮▮▮▮▮ dated August 16, 2018 (DeCurtis_00771718) | | Highly Confidential | Exhibit 165 - ▮▮▮▮ ▮▮▮▮ (Aug. 16, 2018) |
| 166 | ▮▮▮▮▮▮▮ dated August 21, 2018 (DeCurtis_01497954) | | Highly Confidential | Exhibit 166 - ▮▮▮▮ ▮▮▮▮ (Aug. 21, 2018) |
| 167 | ▮▮▮▮▮▮▮ dated August 21, 2018 | | Highly Confidential | Exhibit 167 - ▮▮▮▮ ▮▮▮▮ |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| | | | |
|---|---|---|---|
| | (DeCurtis_01497877) | | (Aug. 21, 2018) |
| 168 | ███ dated August 22, 2018 (DeCurtis_01498261-263) | Highly Confidential | Exhibit 168 - ███ (Aug. 22, 2018) |
| 169 | ███ dated August 23, 2018 (DeCurtis_01486571-574) | Highly Confidential | Exhibit 169 - ███ (Aug. 23, 2018) |
| 170 | ███ dated September 6, 2018 (DeCurtis_01486355-359) | Highly Confidential | Exhibit 170 - ███ (Sept. 6, 2018) |
| 171 | ███ dated September 11, 2018 (DeCurtis_01497112-114) | Highly Confidential | Exhibit 171 - ███ (Sept. 11, 2018) |
| 172 | ███ dated November 4, 2019 (DeCurtis_00727448-449) | Highly Confidential | Exhibit 172 - ███ (Nov. 4, 2019) |
| 173 | Email from Virgin to DeCurtis dated November 4, 2019 (DeCurtis_00727426) | Highly Confidential | Exhibit 173 - Email from Virgin to DeCurtis (Nov. 4, 2019) |
| 174 | ███ dated November 13, 2019 (DeCurtis_00726714) | Highly Confidential | Exhibit 174 - ███ (Nov. 13, 2019) |
| 175 | Email Chain with attachment from ███ dated October 31, 2019 (DeCurtis_00727629-632) | Highly Confidential | Exhibit 175 - Email Chain with attachment from ███ (October 31, 2019) |
| 176 | Email from DeCurtis dated November 22, 2019 | Highly | Exhibit 176 - Email from |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

|  |  |  |  |
|---|---|---|---|
|  | (DeCurtis_00732035) | Confidential | DeCurtis (Nov. 22, 2019) |
| 177 | Email from Virgin dated November 28, 2019 (DeCurtis_00725650-653) | Highly Confidential | Exhibit 177 - Email from Virgin (Nov. 28, 2019) |
| 178 | ██████████ dated December 2, 2019 (DeCurtis_00725555) | Highly Confidential | Exhibit 178 - ██████ ██████ (Dec. 2, 2019) |
| 179 | Email between DeCurtis and Virgin dated December 4, 2019 (DeCurtis_01149361) | Highly Confidential | Exhibit 179 - Email between DeCurtis and Virgin (Dec. 4, 2019) |
| 180 | ██████████ dated December 5, 2019 (DeCurtis_00725305-315) | Highly Confidential | Exhibit 180 - ██████ ██████ (Dec. 5, 2019) |
| 181 | Email Chain between DeCurtis, Assa Abloy, and Virgin dated December 9, 2019 (DeCurtis_00725136-138) | Highly Confidential | Exhibit 181 - Email Chain between DeCurtis, Assa Abloy, and Virgin (Dec. 9, 2019) |
| 182 | ██████████ dated December 13, 2019 (DeCurtis_00724515-518) | Highly Confidential | Exhibit 182 - ██████ ██████ (Dec. 13, 2019) |
| 183 | Email Chain between Assa Abloy and DeCurtis dated December 16, 2019 (DeCurtis_00724328-332) | Highly Confidential | Exhibit 183 - Email Chain between Assa Abloy and DeCurtis (Dec. 16, 2019) |
| 184 | Email Chain between DeCurtis and Assa Abloy dated December 20, 2019 (DeCurtis_00723025-026) | Highly Confidential | Exhibit 184 - Email Chain between DeCurtis and Assa Abloy (Dec. 20, 2019) |
| 185 | Email Chain between Virgin and DeCurtis dated May 23, 2016 (DeCurtis_01737705- | Highly Confidential | Exhibit 185 - Email Chain between Virgin and DeCurtis (May 23, |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| | 711) | | | 2016) |
|---|---|---|---|---|
| 186 | Email Chain between DeCurtis and Virgin dated May 26, 2017 (DeCurtis_01714498-499) | | Highly Confidential | Exhibit 186 - Email Chain between DeCurtis and Virgin (May 26, 2017) |
| 187 | Email Chain between Virgin and DeCurtis dated July 28, 2017 (DeCurtis_01789849-850) | | Highly Confidential | Exhibit 187 - Email Chain between Virgin and DeCurtis (July 28, 2017) |
| 188 | Email with attachments between Virgin and DeCurtis dated November 1, 2015 (DeCurtis_01882229-239) | | Highly Confidential | Exhibit 188 - Email between Virgin and DeCurtis (Nov. 1, 2015) |
| 189 | Email with attachments from DeCurtis dated February 14, 2020 (DeCurtis_01794598-602) | | Highly Confidential | Exhibit 189 – Email from DeCurtis (Feb. 14, 2020) |
| 190 | Email Chain with attachment between DeCurtis and Virgin dated January 17, 2017 (DeCurtis_01508675-678) | | Highly Confidential | Exhibit 190 – Email between DeCurtis and Virgin (Jan. 17, 2017) |
| 191 | Email from DeCurtis dated June 6, 2016 (DeCurtis_01717949-951) | | Highly Confidential | Exhibit 191 – Email from DeCurtis (June 6, 2016) |
| 192 | Internal DeCurtis Email with attachment dated June 2, 2016 (DeCurtis_00366919-923) | | Highly Confidential | Exhibit 192 – Internal DeCurtis email (June 2, 2016) |
| 193 | Email from DeCurtis dated May 17, 2018 (DeCurtis_01891918-931) | | Highly Confidential | Exhibit 193 – Email from DeCurtis (May 17, 2018) |
| 194 | ██████████ (DeCurtis_01946098-151) | | Highly Confidential | Exhibit 194 - ██████ (Nov. 2018) |
| 195 | ██████████ | | Highly Confidential | Exhibit 195 - ██████ |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

| | | | |
|---|---|---|---|
| | ███ (DeCurtis_01987959-976) | | ████████ |
| 196 | Internal DeCurtis Email dated September 13, 2016 (DeCurtis_00366787-791) | | Exhibit 196 - Internal DeCurtis Email (Sept. 13, 2016) |
| 197 | Internal DeCurtis Email with attachment dated September 21, 2016 (DeCurtis_01957804-809) | Highly Confidential | Exhibit 197 – Internal DeCurtis Email (Sept. 21, 2016) |
| 198 | Internal DeCurtis Email dated November 8, 2016 (DeCurtis_00689388) | Highly Confidential | Exhibit 198 – Internal DeCurtis Email (Nov. 8, 2016) |
| 199 | Internal DeCurtis Email dated November 15, 2016 (DeCurtis_01035787) | Highly Confidential | Exhibit 199 – Internal DeCurtis Email (Nov. 15, 2016) |
| 200 | Internal DeCurtis Email Chain dated February 7, 2018 (DeCurtis_01787481-484) | | Exhibit 200 – Internal DeCurtis Email (Feb. 7, 2018) |
| 201 | Internal DeCurtis Email Chain dated March 19, 2018 (DeCurtis_01504563) | Highly Confidential | Exhibit 201 – Internal DeCurtis Email (March 19, 2018) |
| 202 | Email Chain from DeCurtis dated June 11, 2020 (DeCurtis_00731141-149) | Highly Confidential | Exhibit 202 - Email Chain from DeCurtis (June 11, 2020) |
| 203 | ████████ (DeCurtis_01473289-304) | Highly Confidential | Exhibit 203 – ████ ████ |
| 204 | Patent Owner Preliminary Response in IPR2021-00783 | | Exhibit 204 - Patent Owner Preliminary Response |
| 205 | Email Chain between Carnival and DeCurtis dated July 23, 2014 (DeCurtis_00168906-911) | Confidential | Exhibit 205 - Email Chain between Carnival and DeCurtis (July 23, 2014) |
| 206 | ████████████ | Highly Confidential | Exhibit 206 - ███████ |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| | | | |
|---|---|---|---|
| | ███████████ (CARNIVAL00062140-147) | | ██████████ |
| 207 | Email Chain between Carnival and DeCurtis dated December 6, 2019 (DeCurtis_00166229-232) | Highly Confidential | Exhibit 207 - Email Chain between Carnival and DeCurtis (December 6, 2019) |
| 208 | ███████████ (CARNIVAL00765736-774) | Highly Confidential | Exhibit 208 – ██████████ |
| 209 | Email from NCL to DeCurtis dated November 1, 2018 (DeCurtis_00002376) | Confidential | Exhibit 209 - Email from NCL to DeCurtis (November 1, 2018) |
| 210 | ███████████ (CARNIVAL00124827-834) | Highly Confidential | Exhibit 210 – ██████████ |
| 211 | Email Chain between DeCurtis to Virgin dated June 2, 2016 (DeCurtis_01718016-017) | Highly Confidential | Exhibit 211 - Email Chain between DeCurtis to Virgin (June 2, 2016) |
| 212 | DeCurtis Confidential Information Presentation dated November 2018 (DeCurtis_01946043-096) | Highly Confidential | Exhibit 212 – DeCurtis Presentation (November 2018) |
| 213 | DeCurtis Proposal for Virgin Cruises (DeCurtis_01716329-404) | Highly Confidential | Exhibit 213 – DeCurtis Proposal |
| 214 | Email Chain between Virgin and DeCurtis dated May 23, 2016 (DeCurtis_01717959-965) | | Exhibit 214 - Email Chain between Virgin and DeCurtis (May 23, 2016) |
| 215 | ███████████ | Highly Confidential | Exhibit 215 – ██████████ |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

| | | | |
|---|---|---|---|
| | (DeCurtis_00002229-36) | | ███ |
| 216 | ████████████ (DeCurtis_00002254-73) | Highly Confidential | Exhibit 216 - ████ |
| 217 | ████████████ (DeCurtis_00002407-15) | Highly Confidential | Exhibit 217 - ████ |
| 218 | Email Chain from Assa Abloy dated December 25, 2019 (DeCurtis_01621133-144) | Highly Confidential | Exhibit 218 - Email Chain from Assa Abloy (December 25, 2019) |
| 219 | Email Chain from Assa Abloy dated December 17, 2019 (DeCurtis_01621305-311) | Highly Confidential | Exhibit 219 - Email Chain from Assa Abloy (December 17, 2019) |
| 220 | Email Chain from Jaycon Systems dated November 22, 2019 (DeCurtis_01621472-473) | Highly Confidential | Exhibit 220 - Email Chain from Jaycon Systems (November 22, 2019) |
| 221 | Email Chain from DeCurtis dated March 4, 2019 (DeCurtis_01619186-191) | Highly Confidential | Exhibit 221 - Email Chain from DeCurtis (March 4, 2019) |
| 222 | Email Chain from DeCurtis dated December 3, 2019 (DeCurtis_01675238-240) | Highly Confidential | Exhibit 222 - Email Chain from DeCurtis (December 3, 2019) |
| 223 | Email Chain from DeCurtis dated December 12, 2019 (DeCurtis_00724550-555) | Highly Confidential | Exhibit 223 - Email Chain from DeCurtis (December 12, 2019) |
| 224 | Internal DeCurtis Email Chain dated September 20, 2018 (DeCurtis_00636581-582) | Highly Confidential | Exhibit 224 - Internal DeCurtis Email Chain (September 20, 2018) |
| 225 | Master Services Agreement between Carnival and Level 11 effective August 22, 2014 (CARNIVAL00017597-611) | Confidential | Exhibit 225 – Master Service Agreement (August 22, 2014) |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| 226 | Declaration of Andrew Schwalb dated March 29, 2022 | | Highly Confidential | Exhibit 226 - Declaration of Andrew Schwalb (March 29, 2022) |
|---|---|---|---|---|
| 227 | Dictionary Definition of Audit | | | Exhibit 227 – Excerpt from Dictionary |
| 228 | ███████████ (DeCurtis_00002328-2345) | | Highly Confidential | Exhibit 228 – ██████ |
| 229 | ███████████ (DeCurtis_01618744-752) | | Highly Confidential | Exhibit 229 – ██████ |
| 230 | Email from DeCurtis dated May 15, 2020 (DeCurtis_020007826-835) | | Highly Confidential | Exhibit 230 – Email from DeCurtis (May 15, 2020) |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

### Carnival's Local Rule 56.1 Response to DeCurtis's Statement of Material Facts

Pursuant to Local Rule 56.1(a)-(b), Carnival Corporation ("Carnival") hereby provides its Statement of Material Facts in opposition to DeCurtis, LLC and DeCurtis Corporation's (hereinafter "DeCurtis") Motion for Summary Judgment Regarding Invalidity Under 35 U.S.C. § 112, ECF No. 203 ("MSJ"). In accordance with L.R. 56.1(b)(2), this Statement first responds to DeCurtis's Statement of Material Facts, and then includes "Additional Facts" material to the MSJ.

1. Undisputed.

2. Disputed. DeCurtis misstates and omits words from the claim language. ECF No. 88-1, claims 1-3, 7-8, 11-15.

3. Disputed. DeCurtis omits words from the claim language. ECF No. 88-2, claim 15.

4. Disputed. DeCurtis omits words from the claim language. ECF No. 88-1, claims 1-3.

5. Disputed. DeCurtis omits words from the claim language. ECF No. 88-2, claims 13, 15, and 18.

6. Undisputed.

7. Disputed. Substantial evidence confirms that ███████████████████████████ ██████████████████████ ECF No. 285-7 (De la Iglesia Report) ¶¶ 239, 284; ECF No. 285-19 (DeCurtis_01945577) at *742 (noting ███████████████████; Ex 164 (DeCurtis_01630715) at *720 (███████████████████████).

8. Disputed. For example, ███████████████████████████████ ████████████ Ex 165 (DeCurtis_00771718); Ex 166 (DeCurtis_01497954); Ex 167 (DeCurtis_01497877); Ex 168 (DeCurtis_01498261); Ex 169 (DeCurtis_01486571); Ex 170 (DeCurtis_01486355); Ex 171 (DeCurtis_01497112). Per *Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1371 (Fed. Cir. 2019) (citations omitted) DeCurtis manufactured because ████ █████████████████████████████████████████████████████. *E.g.*, Ex 175 (DeCurtis_00727629); Ex (DeCurtis_00727630); Ex 155 (DeCurtis_00727448); Ex 173 (DeCurtis_00727426); Ex 174(DeCurtis_00726714); Ex 148 (DeCurtis_00725842); Ex 176 (DeCurtis_00732035); Ex 177 (DeCurtis_00725650); Ex 178 (DeCurtis_00725555); Ex 179 (DeCurtis_01149361); Ex 180 (DeCurtis_00725305); Ex 181 (DeCurtis_00725136); Ex 182 (DeCurtis_00724515); Ex 183 (DeCurtis_00724328); Ex 184 (DeCurtis_00723025).

9. Disputed. First, DeCurtis did not provide evidence of the terms of any engagement

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

between Virgin and Assa Abloy.  Second, its sole support arises from the Schwalb declaration which is inadmissible and does not establish any facts beyond genuine disputed, see Carnival's opposition to DeCurtis's motion for summary judgment ("Brief") at 8-9.  Third, evidence confirms that ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Ex 185 (DeCurtis_01737705) (DeCurtis was ████████████████████; Ex 186 (DeCurtis_01714498) (███████████████████████████████████; Ex 187 (DeCurtis_01789849) (████████████████████████████████████████████ ███████████████████, and that DeCurtis and ████████████████████████ ████████████████████████████████. (*See evidence cited in response to SMF 8*).

10.  Disputed.  DeCurtis's description omits ██████████████████████ and it omits mention of ████████████████████████████████████████████ █████████. *E.g.*, Ex 185 (DeCurtis_01737705) (DeCurtis was ██████████████ █████; Ex 187 (DeCurtis_01789849) ████████████████████████.

11.  Disputed.  DeCurtis ignores that it █████████████████████████████ █████████████ (*See evidence cited in response to SMF 8*).

12.  Disputed.  First, DeCurtis did not provide evidence of ██████████████ ████████████████████████████████████████████████████████████ █████  Second, its sole support arises from the inadmissible Schwalb declaration, *see Brief* at 8-9.  Third, DeCurtis was ████████████████████████████████████████ ████████████████████████████████████████████████. Ex 185 (DeCurtis_01737705). Fourth, ████████████████████████████████████ ██████████████████████████████. Ex 165 (DeCurtis_00771718); Ex 166 (DeCurtis_01497954); Ex 167 (DeCurtis_01497877); Ex 168 (DeCurtis_01498261); Ex 169 (DeCurtis_01486571); Ex 170 (DeCurtis_01486355); Ex 171 (DeCurtis_01497112). Fifth, ████ f████████████████████████████████ Ex 188 (DeCurtis_01882229), ████████████ ████████████████████████████ Ex 189 (DeCurtis_01794598).

██████ Disputed to the extent it suggests that (1) █████████████████████ ████████████████████████████████████, and (2) the wearable was a standardized device. ████████████████████████████████████████████████████████████ Ex 190 (DeCurtis_01508675) (email between Virgin and DeCurtis █████████████████

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

█████████████ and attached spreadsheet).  In addition, ███████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████        Ex  191  (DeCurtis_01717949);  Ex  192  (DeCurtis_00366919);  Ex  243 (DeCurtis_00366920).

14.  Disputed.  DeCurtis provided, for example, c████████████████████████.  Ex 145 (DeCurtis_00704194 ██████████████████████ at *94; Ex 146 (DeCurtis_01992624) █████████████████████████████████ (showing i████ ████████████████████████████████████████████).

████Disputed.  First,  evidence  shows  that  ████████████████████████ ████████████████████████████████████████████████████████. Ex 147 (DeCurtis_00808683); Ex 244 (DeCurtis_00808687). Second, its sole support arises from the inadmissible Schwalb declaration, *see Brief* at 8-9.  Third, evidence shows that ████████ ████████████████████████████████████████████████████████████████ ████████████████.  (*See evidence cited in response to SMF 8*).

16.  Disputed to the extent it means that it only had NFC.  The evidence does not establish that point ████████████████████████████████████████████████████████ ████████████████████.  ECF No. 285-7 (de la Iglesia Report ¶¶ 52-54).  Second, DeCurtis did not provide technical evidence, and instead relied on the inadmissible Schwalb declaration (*see Brief* at 8-9) and deposition testimony from an Assa Abloy employee who lacked personal knowledge on the issue and was unaware whether ████████████████████████████████ Ex 142 (Engebretsen Dep. at 150:19-151:4; 279:11-280:22).  Finally, the evidence shows that there is a radio in the access panel. *See response to SMF 17.*

17.  Disputed.   Evidence  shows  that  the  ████████████████████████████ ████████████████████████.  *See, e.g.*, ECF No. 285-7 (de la Iglesia Report ¶¶ 418-424).   Further, Mr. Schwalb's testimony is inadmissible and does not establish any facts beyond genuine disputed *see Brief* at 8-9.  The cited portions of Mr. Engebretsen's testimony do not support DeCurtis's statement and lack foundation.  *See* ECF No. 284-15 (Engebretsen Dep.) at 148:25-150:17 (beyond the scope and lacked foundation), 152:3-162:7 (testimony regarding ████████████████████████████); 168:4-169:17 (same); 279:11-280:6 (lacked foundation); 269:9-13 (testimony regarding prior art exhibit); 269:22-270:12 (testimony about

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

different prior art exhibit).

18. Disputed. █████████████████████████████████████████████
████ Ex. 153 (DeCurtis_00729853) ███████████████████. Further disputed to the
extent DeCurtis's statement suggests ████████████████████████████████████
██████████████ Ex. 154 (DeCurtis_01828250) (████████████████████████████
████████████████████████████████ at *69. Further disputed to the extent
DeCurtis's statement suggests ████████████████████████████████████
████████████████████ ECF No. 285-4 (Fournier Dep. Vol. 2) (noting the █████████
██████████████ at 599:19-600:5.

19. Disputed to the extent, the phrase "Allure door panels" was meant to indicate █████
████ See, e.g., ECF No. 285-7 (de la Iglesia Report ¶¶ 52-54; 418-424). Further disputed
because ███████████████████████████████████████████. Ex 202
(DeCurtis_00731141).

20. Disputed to the extent DeCurtis's statement suggest "Allure 2" is merely █████████
████████████████████████████████████████████████████████████████████
████████████████████████████████ The documents in the first string
cite response to SMF 16 above show ███████████████████████ See also, e.g.,
Ex. 155 (DeCurtis_00727448) (email among the three entities on ████████████████.

21. Disputed. Evidence shows that ██████████████████████████████████████
████████████ See response to SMF 17.

22. Disputed to the extent DeCurtis suggests that "████████████████████ Mr. Schwalb's
testimony is ] inadmissible and does not establish any facts beyond genuine disputed. See Brief at
8-9. The cited portions of Mr. Engebretsen's testimony do not support DeCurtis's statement and/or
lack foundation. See ECF 284-15 at 150:19-151:10 ("████████████████████████████
██████████████"); 279:11-280:6 (lacks foundation). Evidence shows that Virgin's ████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████ See e.g., ECF No. 285-
7 (de la Iglesia Report ¶¶ 418-424). Moreover, as shown in the documents cited in response to
SMF 8 ████████████████████████████████.

23. Disputed. As shown in response to SMF 17, evidence shows that ███████████████
████████████████████████████████████████████. DeCurtis's

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

reliance on Mr. Schwalb's uncorroborated and untested statement in support of the contrary does
not establish undisputed fact. *See Brief* at 8-9. Further, Mr. Schwalb's statement that ████████
████ is insufficient to prove DeCurtis's statement. ECF. No. 284-08 (Schwalb Decl.) ¶ 15.

24. Disputed. The evidence shows that ████████████████████████████████████
████████████. *See e.g.*, ECF No. 285-7 (de la Iglesia Report ¶¶ 52-54); Ex 165
(DeCurtis_00771718); Ex 166 (DeCurtis_01497954); Ex 167 (DeCurtis_01497877);  Ex 168
(DeCurtis_01498261); Ex 169 (DeCurtis_01486571); Ex 170 (DeCurtis_01486355); Ex 171
(DeCurtis_01497112).  Mr. Schwalb's statement to the contrary are inadmissible and do not
establish any facts beyond genuine dispute. *See Brief* at 8-9.

25. Disputed to the extent it characterizes Carnival's communications as a threat. ECF No.
284-19 (CARNIVAL00374690) ████████████████████████████████████████████
████████████████████████ at *92.  *See also* ECF No. 285-29 (CARNIVAL00124886_001-
02); ECF No. 285-81 (Padgett Dep. Vol. 2) at 180:17-181:6, 182:7-183:4.

26. Disputed.  DeCurtis omits words from the agreement, particularly to the extent it suggests
that ████████████████████████████████████████████████████" Ex 210
(CARNIVAL00124827) ██████████████████████████

27. Disputed.  Disputed. Mr. Padgett was testifying in his personal capacity, and this testimony
only reflects his understanding at the time of his deposition, not Carnival's.

28. Disputed. DeCurtis was present at and oftentimes ████████████████████████
████████████████████████████████ *E.g.*, Ex 175 (DeCurtis_00727629); Ex  245
(DeCurtis_00727630); Ex 155 (DeCurtis_00727448); Ex 173 (DeCurtis_00727426); Ex 174
(DeCurtis_00726714); Ex 148 (DeCurtis_00725842); Ex 176 (DeCurtis_00732035); Ex 177
(DeCurtis_00725650); Ex 178 (DeCurtis_00725555); Ex 179 (DeCurtis_01149361); Ex 180
(DeCurtis_00725305); Ex 181 (DeCurtis_00725136); Ex 182 (DeCurtis_00724515); Ex 183
(DeCurtis_00724328); Ex 184 (DeCurtis_00723025); Ex 202 (DeCurtis_00731141).  DeCurtis
also ████████████████████████████████████████████. Ex  203
(DeCurtis_01473289 at *303) (████████████████████████████████████████████
████████.

29. Disputed. ████████████████████████████████████████████████████
████████████████████████████████████████. *E.g.*, Ex 202 (DeCurtis_00731141);
*see also* documents cited in response to SMF 28.

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

30. Disputed. ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████ *See documents cited in response to SMF 28.* DeCurtis's reliance on Mr. Schwalb's uncorroborated and untested statement in support of the contrary does not establish undisputed fact.

31. Disputed. The statement does not explain what is meant by "more normal conditions" or "operational testing." Regardless, ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████ *See response to SMF 17 and 28.* DeCurtis's reliance on Mr. Schwalb's inadmissible declaration does not establish undisputed fact. *See Brief* at 8-9.

32. Disputed. DeCurtis omits words from the claim language. ECF No. 88-3, claim 11.

33. Disputed. DeCurtis misstates and omits language from Carnival's IPR argument and further omits every other argument, explanation, and citation from the Patent Owner Preliminary Response. Patent Owner Preliminary Response in IPR2021-00783 at 28-30.

34. Disputed. DeCurtis misstates and omits language from the Patent Trial and Appeal Board ("PTAB")'s order denying institution, and oversimplifies the PTAB's ruling as being denied "on that basis." ECF No. 284-25 (PTAB Decision) at 32-40. Further disputed to the extent this SMF suggests uniqueness of the private identifier was the sole basis for the PTAB's denial; DeCurtis sought to invalidate claim 11 of the '514 Patent on four different grounds, and the PTAB denied them all. ECF No. 284-25 (PTAB decision) at 2, 8.

35. Disputed to the extent it suggests that the quoted statements are the total sum of Mr. de la Iglesia's opinions on the issue. DeCurtis omits nearly all of Mr. de la Iglesia's explanation and analysis on the topic. *E.g.*, Ex 285-82 (de la Iglesia Dep.) at 244:4-246:24.

36. Disputed to the extent it suggests that the quoted statements are the total sum of Mr. de la Iglesia's opinions on the issue. *E.g.*, ECF No. 285-7 (de la Iglesia Report) at pp. 247-252.

37. Disputed. DeCurtis's citation does not support the breadth of its assertion. The cited passage states "████████████████████████████████████████████

████████████████████████████████" ECF No. 284-11 (DeCurtis_00807543 ███████████

████████████████ at *46 (emphasis added).

CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER

38. Disputed to the extent that DeCurtis implies ██████████████████████████ ████████████████████████████████ Evidence indicates ███████ ████████████████████████ *See e.g.*, ECF No. 284-11 (DeCurtis_00807543) (WPO Specification) at *48 ("██████████████████████████████ ████████████████████████████████ (emphasis added).

39. Disputed to the extent that the cited statement of Mr. de la Iglesia constitutes an analysis of the contents. Further disputed that DeCurtis's assertion suggests additional analysis is necessary to determine ████████████████████. *See* ECF No. 284-12 (de la Iglesia Dep.) at 244:25-245:10, 246:2-24 (███████████████████████████████████ █████; *see also* ECF No. 285-7 (de la Iglesia Report) pp. 243-264.

40. Disputed. DeCurtis's citation to Dr. Jakobsson's report does not support this SMF because the cited paragraphs do not *anywhere* mention █████████ ECF No. 285-40 (Jakobsson Report) at ¶¶ 252-253.

41. Disputed. Misstates and omits Mr. de la Iglesia's testimony. ECF No. 285-41 (de la Iglesia Rebuttal Report) ("██████████████████████████████ ████████████████████████████████ ████████████████████████████████) at ¶ 904.

[Unnumbered]      Undisputed.

42. Disputed. The sole document cited (which is a Carnival, not DeCurtis, document) is seven years old and is contradicted by the fact that DeCurtis ██████████████████ ████████████: Ex 195 (DeCurtis_01987959) (████████████; ECF No. 285-7 (de la Iglesia Report) ¶¶ 61, 239, 284 (███████████ Ex 203 (DeCurtis_01473289 at *303) ██████ ████████████████); Ex 183 (DeCurtis_00724328) (██████████████████ ████████████████████ to make it all work together (*Id.*).

43. Disputed. ████████████████████████████████████ ████████████████████████████████████ ██████████████████████

44. Undisputed.

45. Disputed to the extent that this SMF purports to characterize the entire scope of work that Carnival engaged DeCurtis to perform. *E.g.*, ECF No. 285-7 (de la Iglesia Report) at ¶ 133.

46. Disputed to the extent that this is attempting to characterize the entire scope of work that

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

Carnival engaged Level 11 to perform. *E.g.*, ECF No. 285-7 (de la Iglesia Report) at ¶¶ 143-160.

47. Disputed. DeCurtis misstates, mischaracterizes, and omits language from the email between Frank Cardell and Jim Learish. Ex 205 (DeCurtis_00168906).

48. Undisputed.

49. Disputed. DeCurtis's use of the term "core vendors" lacks support and omits vendors who were instrumental in the ███████████████████████████████ *E.g.*, Ex 206 (CARNIVAL00062140) (Statement of work no. 533).

50. Disputed. ████████████████████████████████████████ E.g., Ex 207 (DeCurtis_00166229) (████████████████████████████.

51. Disputed to the extent DeCurtis suggests that ███████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████ ECF No. 285-2 (CARNIVAL00000270). Further that work was not a "throw-away" for at least demonstration purposes.

52. Disputed to the extent DeCurtis implies that ████████████████████ ████████████████████████████████." *E.g.*, ECF No. 285-7 (de la Iglesia Report) at ¶¶ 143-160.

53. Disputed. DeCurtis cites nothing for support; in fact, █████████████ ████████████████████████. E.g., ECF No. 285-81 (Padgett Dep.) at 37:5-9.

54. DeCurtis cites nothing for support, and work on Carnival's source code started before then. *E.g.*, ECF No. 285-7 (de la Iglesia Report) at ¶¶ 146-156.

55. Disputed. The cited testimony concerns David DeCurtis specifically, moreover, the statement misstates the testimony. *See e.g.*, ECF No. 285-81 (Padgett Dep. Vol 1 at 165:15-23 ("David did not have a role in creating the OceanMedallion. David's role in Project Trident was to project manage the overall delivery of the Project Trident vision studio which components of it included the Medallion itself and looks like but doesn't function like Method's. And so he had a broad view of all elements of the ecosystem.").

56. Disputed to the extent this SMF suggests that Level 11 wrote "*the* source code" for DeCurtis. Disputed to the extent DeCurtis's SMF suggests that ████████████████ ████████████████████████████████████████████████ ████████████ *See e.g.*, ECF No. 285-7 (de la Iglesia Report) at ¶¶ 143-160; Ex 247

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

(DeCurtis_01735738).

57.  Disputed. ██████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████. *See e.g.*, ECF No. 285-7 (de la Iglesia Report) at ¶¶ 203-216.

58.  Disputed. ██████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████. Based
on ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████

59.  Disputed.  DeCurtis does not identify ██████████████████████
████████████████████████████████████████████████████████
████████████████████████████.

60.  Undisputed.

61.  Undisputed.

62.  Undisputed.

63.  Undisputed.

64.  Disputed. SMF 64 misstates the DeCurtis March 12, 2020 letter, which did not offer to allow Carnival to inspect DeCurtis's documents but instead offered to make a "reasonable production" of documents chosen by DeCurtis.  ECF No. 284-41.  SMF 64 also misstates that the DeCurtis offer "include[ed]" certain categories of documents, when in fact it was limited to those documents, and is incomplete in that it omits the conditions DeCurtis placed on its offer.  *Id.*

65.  Disputed, because "this offer" refers to SMF 64 which misstates DeCurtis's offer.  It is undisputed that Carnival deemed DeCurtis's March 12, 2020 offer to be not acceptable and insisted on an access to audit DeCurtis's books and records as provided for by the MSA. ECF No. 284-42.

CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER

## I.   CARNIVAL'S STATEMENT OF ADDITIONAL FACTS

66. In November 2018, ███████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████. Ex 209 (DeCurtis_00002376) (email titled "████████
██████").

67. After learning of Carnival's patents, including the '514 Patent, ████████████
██████████████████████████████████████ *See* ECF No. 285-38
(DeCurtis Dep. Vol. 2) at 495:9-496:9; ECF No. 294-5 (Jakobsson Rebuttal) ¶¶ 47, 78-87
(discussing the design-around). ████████████████████████████████ *See*
Ex. 242 (de la Iglesia Supplemental Report).

68. ███████████████████████████████████████████████████
█████████████████████████████████████████████████████████
(*e.g.*, Ex 195 (DeCurtis_01987959)), ██████████ (*e.g.*, ECF No. 285-7 (de la Iglesia Report) ¶¶
61, 239, 284; Ex 285-19 (DeCurtis_01945577 at *742) ████████████████████████;
Ex 164 (DeCurtis_01630715 at *720) ██████████████████████████
████████████████████████ (e.g., Ex 203 (DeCurtis_01473289 at *303) ███████████
█████████████████████████████████████████████████████████
██████████████████████████████████████████ (e.g., Ex 175
(DeCurtis_00727629); Ex 245 (DeCurtis_00727630); Ex 172 (DeCurtis_00727448);  Ex 173
(DeCurtis_00727426);   Ex 174 (DeCurtis_00726714); Ex 148 (DeCurtis_00725842); Ex 176
(DeCurtis_00732035);   Ex 177 (DeCurtis_00725650); Ex 178 (DeCurtis_00725555); Ex 179
(DeCurtis_01149361); Ex 180 (DeCurtis_00725305); Ex 181 (DeCurtis_00725136); Ex 182
(DeCurtis_00724515); Ex 183 (DeCurtis_00724328); Ex 184 (DeCurtis_00723025)), and ███
████████████████████████████████████████ (*see id.*).

69. ████████████████████████████████████████████████████
██████████████████ Ex. 195 (DeCurtis_01987959 (███████████████████████).

70. DeCurtis describes its DXP System as an "end-to-end" system.  ECF 87 at ¶ 37; Ex. zot
("Lynde Report") ¶¶ 13, 52.

71. DeCurtis ████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER

███████████████ Ex 194 (DeCurtis_01946098).

72.  DeCurtis ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ E.g.,  Ex  175

(DeCurtis_00727629); Ex 245 (DeCurtis_00727630); Ex 172 (DeCurtis_00727448);  Ex  173

(DeCurtis_00727426);   Ex  174  (DeCurtis_00726714); Ex 148 (DeCurtis_00725842); Ex 176

(DeCurtis_00732035);   Ex  177  (DeCurtis_00725650); Ex 178 (DeCurtis_00725555); Ex 179

(DeCurtis_01149361); Ex  180  (DeCurtis_00725305); Ex 181 (DeCurtis_00725136); Ex 182

(DeCurtis_00724515); Ex 183 (DeCurtis_00724328); Ex 184 (DeCurtis_00723025). DeCurtis

also  ██████████████████████████████████████ Ex 203

(DeCurtis_01473289 at *303) ████████████████████████████

██████; *see also* Ex 182 (DeCurtis_00724515), Ex 176 (DeCurtis_00732035), Ex 184

(DeCurtis_00723025), Ex 183 (DeCurtis_00724328).

73.  DeCurtis ████████████████████████████████████

████████████████████████████████████████████████████████

Exs 189  (DeCurtis_01794598); Ex 248 (DeCurtis_01794599); Ex 249 (DeCurtis_10794600); Ex

250 (DeCurtis_01794601); Ex 251 (DeCurtis_01794602).

74.  ████████████████████████████████████████████

████████████████████████████ *See, e.g.*, ECF No. 285-7 (de la Iglesia Report) at

166 ¶ 420 ██████████████████████████████████████████.

75.  ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ *See* ECF No. 267 at 5-6, 9 (quoting the claims).

76.  ████████████████████████████████████████████

██████████████████████████. *See* Ex. 150 (Oct. 29, 2020 Non-Infringement,

Unenforceability, and Invalidity Contentions of DeCurtis ("Contentions"), Ex. 184-A at 44, 49;

Ex. zot (Contentions), Ex. 516-A at 8, 14, 36.

77.  ████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████ ECF No. 291 (DeCurtis's SMF) ¶¶ 37-38 (citing ECF No. 284-11

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

(DeCurtis_00807543 (████████████████████████); *see also* ECF No. 284-11 (DeCurtis_00807543) at *47 (████████████████████████████.

78. Emails dated ████████████████████████████

████████████████████ Ex 158 (DeCurtis_01889600) (attaching ████████████████████; Ex 143 (DeCurtis_00807542) (attaching ████████████████).

79. In May 2018, ████████████████████████████████

████████████████████████████ Ex 159 (C3-0052672) ████████████████████████████████ ████████████████████; *see also* Ex 160 (First Am. Answers of DeCurtis to Carnival's First Set of Interrogs.) at 30 (████████████████████ ████████████████████████████████ Ex 193 (DeCurtis_01891918); Ex 152 (DeCurtis_01891932) (attachment ████████████████.

80. In September 2018, ████████████████████████ ████████████████████ Ex 161 (DeCurtis_01496843). ████████████████████████████ ██████ Ex. 246 (DeCurtis_01496864) at *67.

81. In March 2020, ████████████████████ ████████████████████████████ ████████████ Ex. 149 (DeCurtis_01620105).

82. In October 2020, ████████████████████ ████████████████████ Ex. 162 (DeCurtis_00829416).

83. ██████████████████████████████ ████████████████████████████████ Ex. 157 (DeCurtis LLC's Notice of Subpoena to Third Party Assa Abloy Global Solutions, Inc.) Attach. A to document subpoena at 6-12; Attach. A to deposition subpoena at 4-7.

84. ████████████████████████████ ████████████ *Id.* at 148:25-149:3 ████████████ ████████████████████); *id.* at 149:10-150:18, 280:7-281:16 ████████████ 1

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

██████████████████████████████; *id.* at 152:8-153:3, 155:12-21, 160:17-161:8, 164:16-23, 165:22-25 ███████████████████████.

85. ████████████████████████████████████████████████████████████

████████████████████████████████████████ E.g., Ex 165 (DeCurtis_00771718); Ex 156 (DeCurtis_01497954); Ex 167 (DeCurtis_01497877); Ex 168 (DeCurtis_01498261); Ex 169 (DeCurtis_01486571); Ex 170 (DeCurtis_01486355); Ex 171 (DeCurtis_01497112). ██████████ confirms this as well. *See e.g.*, ECF No. 285-7 (de la Iglesia Report) ¶¶ 52-54.

86. ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ E.g., Ex 175 (DeCurtis_00727629); Ex 245 (DeCurtis_00727630); Ex 172 (DeCurtis_00727448); Ex 173 (DeCurtis_00727426);   Ex 174 (DeCurtis_00726714); Ex 148 (DeCurtis_00725842); Ex 176 (DeCurtis_00732035);   Ex 177 (DeCurtis_00725650); Ex 178 (DeCurtis_00725555); Ex 179 (DeCurtis_01149361); Ex 180 (DeCurtis_00725305); Ex 181 (DeCurtis_00725136); Ex 182 (DeCurtis_00724515); Ex 183 (DeCurtis_00724328); Ex 184 (DeCurtis_00723025).

87. On March 30, 2022, ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex.  (March 30, 2022 email from P. Schmidt); ECF No. 245 (Notice of Compliance).

88. ████████████████████████████████████████████████████████████

██████████████████████████████████ ECF No. 285-38 (DeCurtis Dep. Vol. 2) at 495:9-16, 518:5-519:2.

89. ████████████████████████████████████████████████████████████

██████████████████████████ Ex DeCurtis_01491115 (cited in ECF 285-7 (de la Iglesia Report) p. 249 ¶ 57).

90. ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████ ECF 272 at 5.

91. ████████████████████████████████████████████ Ex 285-7 (De la Iglesia Report) at ¶ 254.

CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER

92. Carnival attempted to exercise its audit rights under the MSA, ECF No. 285-55. (CARNIVAL00015242), which DeCurtis "declined." ECF No. 285-54 (CARNIVAL00015237). DeCurtis never changed its position.  ECF No. 155 (Answer) at ¶¶ 98-100.

93. ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████. ECF No. 285-54 (CARNIVAL00015237).

94. Pursuant to DeCurtis's March 12, 2020 letter offering to produce certain documents to Carnival, DeCurtis would *not* have produced the email chain filed at ECF No. 285-12.  ECF No. 284-41.

95. Pursuant to DeCurtis's March 12, 2020 letter offering to produce certain documents to Carnival, DeCurtis would *not* have produced the document filed at ECF No. 284-112.  ECF No. 284-41.

96. Pursuant to DeCurtis's March 12, 2020 letter offering to produce certain documents to Carnival, DeCurtis would *not* have produced the document filed at ECF No. 284-65 or ECF No. 285-115.  ECF No. 284-41.

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

Dated:  May 9, 2022

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, FL  33131
Phone: (305) 416-6880
Facsimile: (305) 416-6887

By: */s/ Diana Fassbender*
Diana Marie Fassbender
Florida Bar No. 0017095
dszego@orrick.com

Steven J. Routh (*pro hac vice*)
T. Vann Pearce, Jr. (*pro hac vice*)
Eileen M. Cole (*pro hac vice*)
Jay Jurata (*pro hac vice*)
Emily Luken (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center, 1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: (202) 339-8533

Jorge Espinosa
Fla. Bar No.  779032
jorge.espinosa@gray-robinson.com
Robert R. Jimenez
Fla. Bar. No. 72020
robert.jimenez@gray-robinson.com

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, FL  33131
Phone: (305) 416-6880
Facsimile: (305) 416-6887

Robert L. Uriarte (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 289-7105

Olivia Clements (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000

Johannes Hsu (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**

Suite 1100

Irvine, CA 92614-8255

Tel: (949) 567-6700

David R. Medina (*pro hac vice*)

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

777 South Figueroa Street

Suite 3200

Los Angeles. CA 90017-5855

Tel: (213) 629-2020

Sheryl Garko (*pro hac vice*)

Laura Najemy (*pro hac vice*)

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

222 Berkeley Street

Suite 2000

Boston, MA  02116

(617) 880-1800

*Attorney for Plaintiff/Counterclaim Defendant
Carnival Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 9, 2022, I filed the foregoing Carnival Corporation's Response to DeCurtis's Statement of Material Facts in Support of its Motion for Summary Judgment via CM/ECF which will serve all attorneys of record.

CARNIVAL CORPORATION

By: <u>*/s/*</u>_____

[ATTORNEY]

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER**