UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DECURTIS LLC,

                 **Plaintiff,**

v.                                           Civil Action No. 20-22945-Civ-Scola

CARNIVAL CORPORATION,

                 **Defendant.**

---

CARNIVAL CORPORATION,

                 **Plaintiff,**

v.                                          Civil Action No. 20-21547-Civ-Scola

DECURTIS CORPORATION and
DECURTIS LLC,

                 **Defendants.**

## DECURTIS'S REPLY STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## ABBREVIATIONS

| Abbreviation | Document | ECF |
|---|---|---|
| Opp. | Carnival Corporation's Opposition to DeCurtis LLC's Motion for Summary Judgment | 300 |
| SMF | DeCurtis's Statement of Separate Statement of Material Facts in Support of Motion for Summary Judgment | 291 |
| CRSF | Carnival Corporation's Response to DeCurtis's Statement of Facts | 301 at 1-21 |
| AF | Carnival's Statement of Additional Facts | 301 at 22-26 |

66. **Undisputed** that NCL sent this email to DeCurtis in November 2018, and immaterial. The basis for the Motion is that Carnival has not provided evidence sufficient to show (1) any actually implemented accused systems contain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Grounds for the Motion"). The November 2018 email is not material to the Grounds for the Motion.

67. **Undisputed** and immaterial to the Grounds for the Motion that DeCurtis ▮▮▮▮▮▮▮ claim 11 of the '514 patent. **Disputed** that the ▮▮▮▮▮▮ does not avoid infringement, ECF294-5 (Jakobsson Rebuttal) ¶¶ 47, 78-87 (opining that the ▮▮▮▮▮▮ is non-infringing), but immaterial to the Grounds of the Motion because while the identified ▮▮▮▮▮▮ is a separate reason DeCurtis does not infringe the '514 patent, it was not one of the Grounds for the Motion.

68. **Disputed** and immaterial. Carnival does not provide evidence showing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; rather, it provides evidence regarding only certain of them, and that evidence is insufficient to establish this purported "fact." For example, a mere ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF299-56 (Ex 195 (DeCurtis_01987959)). Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. AF68 is also immaterial because even if true, it would be insufficient to prove infringement because (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and (2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

69. **Disputed** and immaterial. Carnival only cites an agreement. Carnival does not cite any evidence in this agreement, or otherwise, show DeCurtis ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. AF68 is also immaterial because even if true, it would be insufficient to prove infringement.

70. **Disputed**, to the extent Carnival is suggesting that DeCurtis provides ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Carnival relies on (ECF 87 at ¶ 37), which states "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (emphasis added). The Lynde report refers to statements by third parties, not DeCurtis. ECF285-18 ("Lynde Report") ¶¶ 13 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

███████ 52 (noting that BCG, a consulting firm, asserted that "████████████████████████████████████████"). That DeCurtis has an end-to-end <u>software</u> solution is immaterial because this does not undermine any of the Grounds for the Motion.

71. **Disputed** and immaterial to the Grounds for the Motion. This presentation ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████" ECF299-54 (Ex 194 (DeCurtis_01946098) at -99). Even if accurate, Carnival offers no evidence that ████████████████████████████████████ were ever implemented in the any Accused System.

72. **Disputed** and immaterial. Carnival does not state which (if any) of the cited documents support AF72. AF72 is further disputed because the alleged infringing system includes ██████████████████████████████████████. AF72 is further disputed because testing of some components of an alleged infringing system does not constitute ████████████. None of the cited documents indicate that anyone ██████████████████████████████████. Indeed, Mr. de la Igelsia does not show that any claim is infringed by the activities described in the cited documents. ECF305-2 (Shoemake Rebuttal Rpt.) ¶¶ 67-82 (████████████████████████████████████████████████████). It is also immaterial that DeCurtis personnel ████████████████████████████████████. Neither is an act of infringement. See 35 U.S.C. 271(a). Finally, this testing is immaterial because it was conducted ███████████████████████████████████████████████████. ECF284-08 (Schwalb Dec.) ¶¶ 16-19.

73. **Disputed** and immaterial to the Grounds for the Motion. The cited evidence establishes merely that DeCurtis employees boarded Virgin's Scarlet Lady ship. The cited evidence does not establish the remainder of AF73's purported "fact." AF73 is also immaterial because (a) "████████████████████████████████████" does not constitute "making" an entire allegedly infringing system (*Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1371-72 (Fed. Cir. 2019) ("final assembler"-defendant liable for "making" the invention where defendant assembled each of the components of the invention)); and (b) even if it could Carnival has not provided evidence that ████████████████████



███████████████████████████████████████. ECF291 (DeCurtis's Separate Statement of Material Facts) at 15, 17, 23, 24, 26, 28, 29, 35, 36, 37, 38.

74. **Disputed**. AF74 implies that "█████████" in this diagram reflects what was ███████████ but Carnival presents no evidence that is so. DeCurtis's production of this document does not authenticate the document, nor does it ████████████████████████████. The evidence shows that ██████████████████. ECF284-08 (Schwalb Dec.) ¶¶ 12-15; ECF299-02 (Engebretsen Dep.) at 63:12-64:9, 70:15-72:9, 79:13-81:10, 148:25-150:18, 168:4-169:17, 269:9-13, 269:22-270:12, 279:11-280:6; ECF284-18 (Ex. R., de la Iglesia Reb. Rept.) at ¶¶ 396-398; ECF305-2 (Shoemake Reb. Rpt.) at ¶¶ 241-248.

75. **Disputed** and immaterial to the Grounds of the Motion. This purported "fact" is not a fact at all; it is an argument. To the extent Carnival is saying that the diagram referenced in AF74 meets ██████ limitation, that is wrong both as a matter of law and fact. A diagram of a component is insufficient to demonstrate the existence of a purportedly infringing system. *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 843 F. Supp. 2d 1018, 1029 (N.D. Cal. 2012) (technical document insufficient to create issue of material fact regarding infringement). Carnival has provided no evidence that the diagram reflects the allegedly infringing systems. DeCurtis also incorporates its response to AF74 here.

76. **Disputed** and immaterial. AF76 implies that DeCurtis's October 29, 2020 non-infringement contentions relied on "████████████████████████████████████" of the "████" limitation. This is untrue. DeCurtis contended, consistent with its motion, that ████████████████████████████████████████████████████████████████████████████████████████████ ECF299-10 (Ex. 150) at 37; ECF299-11 (Ex. 151) at 21, 29, 46. DeCurtis's citation of this document at the beginning of discovery does not authenticate it or admit that its contents ████████████████████. *Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 870-71 (N.D. Cal. 2014) (patent contentions are not judicial admissions of fact ) DeCurtis also incorporates its response to AF74 here.

77. **Undisputed** but immaterial. As AF 77 concedes, this document was cited in reference to a ████████ limitation and there is no evidence (unlike with the diagram identified in AF74) that the portions cited do not accurately represent ████████████████████████████████. DeCurtis also incorporates its response to AF74 here.

3

78. **Disputed** and immaterial. These emails explicitly state that ▮▮▮▮▮▮▮▮▮▮. Assa Abloy states that "▮▮▮▮▮▮▮▮▮▮." ECF299-03 (Ex. 143). AF78 is immaterial because Carnival presents no evidence that the depicted ▮▮ (1) ▮▮▮▮▮▮▮▮▮▮, or (2) ▮▮▮▮▮▮▮▮▮▮.

79. **Disputed** and immaterial. The name of the file sent to ▮▮▮▮ is "▮▮▮▮▮▮." ECF299-53 (Ex. 193); ECF299-12 (Ex. 152). Mr. DeCurtis also expressly informs ▮▮▮▮ that the attachment is a "▮▮▮▮." ECG299-19 (Ex. 159). AF79 is also immaterial for the same reasons as AF74 and AF78.

80. **Disputed** and immaterial. AF80 cites no evidence that the email or its attachments were received by ▮▮▮▮. AF80 is immaterial for the same reasons as AF74 and AF78.

81. **Undisputed** but immaterial for the same reasons as AF74 and AF78.

82. **Disputed** and immaterial for the same reasons as AF74 and AF78. ECF299-22 (Ex. 162) does not include any attachments.

83. **Disputed** and immaterial. Topic No. 2, seeking information about "[t]he features, design, specifications, function, and operation of the Allure system" was not time-limited, nor are Topics 16-18 (seeking information about documents that "refer or relate to the Patents-in-Suit or the Related Patents and Applications") and thus all four are directed to non-prior art topics.

84. **Undisputed** that Mr. Engebretsen acknowledged a lack of personal knowledge in response to certain questions but immaterial. Mr. Engebretsen was designated as a FRCP 30(b)(6) witness who ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF299-02 (Engebretsen Dep.) at 15:7-16:18, 151:5-10, 160:17-161:14, 279:11-280:6; *Christie v. Royal Caribbean Cruises, Ltd.*, 2021 WL 2940251, at *5 (S.D. Fla. July 13, 2021*)* ("[I]t is well established in the Eleventh Circuit that the scope of a Rule 30(b)(6) deposition is not strictly confined to the topics set forth in the notice").

85. **Disputed**. The citations show only that DeCurtis ▮▮▮▮▮▮▮▮▮▮; they do not establish the remainder of AF85's "fact."

86. **Disputed** and immaterial for the same reasons as AF72.

4

87. **Disputed**. Carnival did not file an exhibit in support of AF87; nevertheless, it is immaterial to the Grounds for the Motion because the Motion does not rely on the ▮ at issue.

88. **Disputed** and immaterial. Mr. Curtis did not ▮. He testified that ▮. ECF285-38 (DeCurtis Dep. Vol. 2) at 495:9-20, 518:5-519:2. It is immaterial because the Motion does not rely on ▮.

89. **Undisputed** but immaterial because the subcontractor ▮

90. **Undisputed** that DeCurtis characterized an email (DeCurtis_01491115) in this manner.

91. **Disputed** and immaterial because the cited evidence does not support AF91. AF91 is immaterial because Carnival does not rely on ▮ to show infringement.

92. **Disputed.** The cited material does not support AF92. DeCurtis did not ▮. DeCurtis informed Carnival that ECF285-55 ▮. ECF285-54. DeCurtis also offered to make a "▮. ECF284-41; *see also* ECF155 at ¶¶ 98-100 (where DeCurtis takes the same position.)

93. **Disputed** because the cited material does not support AF93 and for the same reasons set forth in response to AF92. Additionally, ECF285-54 doesn't mention MSA enforceability.

94. **Disputed**. The cited material does not support AF94's speculative assertion that ▮ pursuant to ECF284-12 because before DeCurtis's offered document collection, review, and production began, the parties filed suit. Carnival cannot establish ▮, because Carnival ▮.

95. **Disputed**. The cited material does not support AF95's speculative assertion that ▮ pursuant to ECF284-12. DeCurtis restates its response set forth in response to AF94 as if fully set forth herein.

96. **Disputed.** The cited material does not support AF96's speculative assertion that ▮ pursuant to ECF284-12. DeCurtis restates its response set forth in response to AF94 as if fully set forth herein.

| Dated: May 16, 2022 | DECURTIS LLC & DECURTIS CORPORATION |
|---|---|
|  | By: /s/ *Jason P. Stearns*<br>One of their attorneys |
| David C. Gustman (pro hac vice)<br>Jeffery M. Cross (pro hac vice)<br>Jill C. Anderson (pro hac vice)<br>Andrew C. Nordahl (pro hac vice)<br>Freeborn & Peters LLP<br>311 S. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Tel. (312) 360-6000<br><br>Jason P. Stearns<br>Florida Bar No. 059550<br>Freeborn & Peters LLP<br>201 N. Franklin Street<br>Suite 3550<br>Tampa, FL 33602<br>Tel. (813) 488-2920<br>E-mail: jstearns@freeborn.com | Scott L. Watson (pro hac vice)<br>Justin C. Griffin (pro hac vice)<br>Patrick T. Schmidt (pro hac vice)<br>Quinn Emanuel Urquhart & Sullivan LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Tel. (213) 443-3000<br><br>Jeffrey Wu, Ph.D. (pro hac vice)<br>Quinn Emanuel Urquhart & Sullivan LLP<br>2755 E. Cottonwood Parkway, Suite 430<br>Salt Lake City, Utah 84121<br>Tel. (801) 515-7300<br><br>Jared Kneitel (pro hac vice)<br>Quinn Emanuel Urquhart & Sullivan LLP<br>1109 First Avenue, Suite 210<br>Seattle, WA 98101<br>Tel. (206) 905-7000<br><br>*Attorneys for Plaintiff DeCurtis LLC & DeCurtis Corporation* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022, I filed the foregoing DeCurtis's Reply Statement of Material Facts in Support of Its Motion for Summary Judgment via CM/ECF which will serve all attorneys of record.

DECURTIS LLC & DECURTIS CORPORATION

By: /s/ Jason P. Stearns
One of their attorneys

5985007