CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CIVIL ACTION NO. 20-22945-CIV-SCOLA/TORRES**

| | |
|---|---|
| CARNIVAL CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>DECURTIS CORPORATION and<br>DECURTIS LLC<br><br>       Defendants. | |
| DECURTIS LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>CARNIVAL CORPORATION,<br><br>       Defendant. | |

**CARNIVAL CORPORATION'S RESPONSE TO**
**DECURTIS' ADDITIONAL STATEMENT OF FACTS**

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

## INDEX OF EXHIBITS

| Ex. No. | Description | ECF No. |
|---|---|---|
| 13 | Transcript of Deposition of Matthew Lynde dated April 15, 2022 (*hereinafter* "Lynde Dep.") | 285-14 |
| 14 | Transcript of Deposition of Arnold Donald dated January 31, 2022 (*hereinafter* "Donald Dep.") | 285-15 |
| 17 | Expert Report of Matthew Lynde, Ph.D. dated March 1, 2022 (*hereinafter* "Lynde Report") | 285-18 |
| 18 | DeCurtis Strategy Session Offsite Agenda and DeCurtis Due Diligence Findings dated June 11, 2019 (DeCurtis_01945577-795) (*hereinafter* "DeCurtis_01945577") | 285-19 |
| 25 | Reply Expert Report of Mary Coleman dated March 31, 2022 (*hereinafter* "Coleman Rebuttal Report") | 285-26 |
| 29 | Transcript of Deposition of John Padgett Vol. 2 dated January 18, 2022 (*hereinafter* "Padgett Dep. Vol. 2") | 285-30 |
| 31 | Expert Report of Mary Coleman dated March 1, 2022 (*hereinafter* "Coleman Report") | 285-32 |
| 36 | Transcript of Deposition of David DeCurtis dated February 3, 2022 (*hereinafter* "DeCurtis Dep. Vol. 1") | 285-37 |
| 40 | Rebuttal Expert Report of Erik de la Iglesia Regarding Validity of U.S. Patent Nos. 10,045,184; 10,049,516; and 10,157,514 dated March 31, 2022 (*hereinafter* "de la Iglesia Rebuttal Report") | 285-41 |
| 41 | Email Chain dated October 21, 2014 (DeCurtis_00157407-157408) (*hereinafter* "DeCurtis_00157407") | 285-42 |
| 50 | Statement of Work No. 1 between Carnival Corp. and DeCurtis Corp. (CARNIVAL00000265-268) (*hereinafter* "CARNIVAL00000265") | 285-51 |
| 80 | Transcript of Deposition of John Padgett dated January 17, 2022 (*hereinafter* "Padgett Dep. Vol. 1") | 285-81 |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| | | |
|---|---|---|
| 85 | Transcript of Deposition of Douglas Steele Vol. 2 dated January 14, 2022 (*hereinafter* "Steele Dep. Vol. 2") | 285-86 |
| 86 | Transcript of Deposition of Michael Jungen dated January 7, 2022 (*hereinafter* "Jungen Dep.") | 285-87 |
| 88 | Transcript of Deposition of Patrick Mendiuk dated January 19, 2022 (*hereinafter* "Mendiuk Dep.") | 285-89 |
| 100 | ▮▮▮▮▮▮▮▮▮▮▮▮ (Shamrock_00005229-5339) (*hereinafter* "Shamrock_00005229") | 285-101 |
| 128 | Transcript of Deposition of Glenn Curtis dated January 12, 2022 (*hereinafter* "Curtis Dep.") | 285-129 |
| 142 | Transcript of Deposition of Jon Engbretsen dated December 21, 2021 (*hereinafter* "Engbretsen Dep.") | 299-2 |
| 253 | Email from Carnival dated August 22, 2016 (DeCurtis_00159075-159077) (*hereinafter* "DeCurtis_00159075") | 322-3 |
| 254 | Transcript of Deposition of Douglas Steele Vol. 1 dated January 13, 2022 (*hereinafter* "Steele Dep. Vol. 1") | 322-4 |
| 258 | Gartner, "Magic Quadrant for Indoor Location Services, Global," February 15, 2021 (*hereinafter* DeCurtis_01418552) | |
| 259 | ▮▮▮▮▮▮▮▮▮▮▮▮ (*hereinafter* Shamrock_00005342) | |
| DeCurtis Ex. 5 | Ideas and Concepts Developed by EIC Project (CARNIVAL00070934-70946) | 302-2 |
| DeCurtis Ex. 10 | Email from G. Curtis dated January 9, 2015 (DeCurtis_00242858-242861) | 302-2 |
| DeCurtis Ex. 14 | Email from G. Curtis dated January 22, 2015 (DeCurtis_00241867) | 302-2 |
| DeCurtis. Ex. 15 | Email from J. Padgett dated January 26, 2015 (DeCurtis_00242071-242072) | 302-2 |
| DeCurtis Ex. 23 | Email from Carnival dated January 9, 2015 (DeCurtis_00157450-157456) | 302-2 |

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

| DeCurtis. Ex. 55 | Transcript of Deposition of Derek Fournier dated January 25, 2022 ("Fournier Dep. Vol. 1") | 302-2 |
|---|---|---|
| DeCurtis Ex. 77 | Presentation – Project Ocean Discussion Materials dated January 29, 2020 (CARNIVAL00753743-753809) | 302-2 |

CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE
PROTECTIVE ORDER

**Carnival's Local Rule 56.1 Reply Statement of Material Facts**

75. **Disputed**. Incorrectly suggests that Mr. Curtis was ███████████████ ███████████. Ex. 10 (DeCurtis_00242858) (███████████████████████). Deposition excerpts do not address this SMF's issues.

76. **Undisputed** that Opp. Ex. 14 (DeCurtis_00241867) includes the quoted words. **Disputed** because the SMF mischaracterizes the document by omitting Mr. Curtis's recognition that ███ ███████████████████████████████████████. Disputed that Opp. Ex. 14 identified patentable inventions because ███████████████████████████████████ ███████████████████████████████████████████████████████████." Ex. 128 (Curtis Dep.) at 74:13-75:23, 85:7-14, 213:17-214:13.

77. **Disputed**. Opp. Ex. 15 (DeCurtis_00242071) refers to ███████████████," not "inventions" or "inventors," and Mr. Padgett stated that ███████████████████████ ███████████████████. The memo itself states ███████████████████ ███████████████ Opp. Ex. 5 (CARNIVAL00070934) at *34. Further disputed ███ ███████████████████████████████t. Mr. Curtis ███████████████ ███████. Ex. 128 (Curtis Dep.) at 76:13-25, 99:22-100:6.

78. **Disputed** that the Curtis Memo is an "Inventions Memo." *See* Dkt. 288 at 8-9. Further disputed that the Memo is material because the purported "inventions" do not correspond to the patents, the extent/nature of Mr. DeCurtis's purported contributions is not stated, and no fully conceived inventions are described. Ex. 40 (de la Iglesia Rebuttal) ¶¶ 1163-75.

79. **Disputed**. The Curtis memo is not an "Inventions Memo." *See* RF 78. Mischaracterized ███████████ to wrongly suggest that "inventorship" was objectively accurate, instead of ███ ███████████████████████████████. Ex. 128 (Curtis Dep.) at 70:13-71:17. Disputed that using a memo for ███████████████████████████████████████ ███████████████████████. Ex. 29 (Padgett Dep. Vol. 2) at 147:8-15.

80. **Disputed**. Exhibit 5 lacks authenticated metadata, and "access" is not mentioned in the purported metadata or material to prosecution. DeCurtis mischaracterizes the purported "relevance," ignoring Mr. Steele's explanation that ███████████████████████████ ███████ Ex. 85 (Steele Dep. Vol. 2) at 285:3-5. Disputed that Mr. Steele, a non-lawyer, is "primarily responsible" because he did not prosecute any patents. This SMF violates SDFL Rule 56.1(b)(1)(B) for having more than one fact.



**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

81. **Disputed**. DeCurtis mischaracterizes 10 pages of testimony into one incorrect sentence. Mr. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" Ex. 86 (Jungen Dep.) at 179:23-180:3. Disputed that Mr. Jungen ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉." *Id.* at 190:3-9 (addressing *hypothetical*). The significance of the "Inventions Memo" discussed in this SMF is disputed by the record. *See* Dkt. 288 at 8-9.

82. **Disputed**. Mischaracterizes 27 pages of Messrs. Padgett's, Steele's, and Jungen's testimony by ignoring explanations why inventorship was correct. Ex. 29 (Padgett Dep. Vol. 2) at 160:3-167:23; Ex. 85 (Steele Dep. Vol. 2) at 290:9-309:14; Ex. 86 (Jungen Dep.) at 178:12-179:14. Disputed that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

83. **Disputed**. The vague term "Disney's *related* technology" is DeCurtis's characterization, not a fact. Untrue that all "Carnival's named inventors" worked for Disney or with Mr. DeCurtis. *E.g.*, Ex. 88 (Mendiuk Dep.) at 52:4-8, 72:6-8.

84. **Disputed**. The two sides remained cordial after the exit. Ex. 253 (DeCurtis_00159075). ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" Ex. 254 (Steele Dep. Vol. 1) at 147:25-13; Ex. 29 (Padgett Dep. Vol. 2) at 129:2-16. Disputed because the 7 pages of cited Padgett testimony speak to DeCurtis's work *for* competitors, not that DeCurtis would be a competitor. Disputed because DeCurtis owed a duty to Carnival per the MSA. Disputed because Mr. DeCurtis said he would have assigned his inventions to Carnival. *E.g.*, Ex. 36 (DeCurtis Dep. Vol. 1) at 236:21-237:11. Finally, this SMF violates SDFL Rule 56.1(b)(1)(B) for having more than one fact.

85. **Disputed**. Omits testimony that Assa Abloy witness "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" Ex. 142 (Engebretsen Dep.) at 231:10-237:9. Mischaracterizes facts because Assa Abloy ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Ex. 142 (Engebretsen Dep.) 248:19-249:21. Shoemake Declaration does not support this SMF.

86. **Disputed**. Mischaracterizes 14 pages of testimony because according to Mr. Steele, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 254 (Steele Dep. Vol. 1) 188:19-190:13. No definition for time period of "Mr. Elfstrom's work," or what "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" refers to.

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

87. **Disputed**. DeCurtis could not identify his contributions to the claimed inventions. Ex. 36, (DeCurtis Dep. Vol. 1) at 201:16-203:8; 203:22-217:2. The term "inventive contributions to the Carnival project" is undefined and does not match the testimony cited in support of this SMF or contribution to Carnival's patents.

88. **Disputed**. Cited testimony does not say anything about "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *See* Ex. 36 (DeCurtis Dep. Vol. 1) at 210:9-211:7. **Undisputed** that the cited email chain includes those words, but also that Mr. DeCurtis's idea would require ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp. Ex. 23 (DeCurtis_00157450) at *52.

89. **Disputed**. The cited testimony relates to the email in SMF 88, not any purported "Patentable invention #9" or any other "invention."

90. **Disputed**. Mr. Padgett testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 80 (Padgett Dep. Vol. 1) at 233:17-234:15; Ex. 29 (Padgett Dep. Vol. 2) at 179:4-24. The significance of the "Inventions Memo" discussed in this SMF is disputed by the record. *See* Dkt. 288 at 8-9. Finally, this SMF violates SDFL Rule 56.1(b)(1)(B) for having more than one fact.

91. **Disputed**. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 41 (DeCurtis_00157407) at *07; Ex. 128 (Curtis Dep.) at 54:8-57:16. Mr. Vellon further explained ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 41 (DeCurtis_00157407) at *07. The SMF is immaterial because sleep/wake are not the operating modes recited in Carnival's patents. Ex. 40 (de la Iglesia Rebuttal) ¶ 1216.

92. **Undisputed**.

93. **Undisputed** that Mr. DeCurtis sent an email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. **Disputed** to the extent the SMF suggests, without any support, any relation between the email and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

94. **Undisputed** that Mr. Padgett testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. **Disputed** to the extent the SMF suggests the email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is relevant to a *mobile* BLE beacon. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 128 (Curtis Dep.) at 51:24-53:7, 198:24-199:8. Disputed because the cites to the DeCurtis deposition do not support the SMF.

95. **Disputed**. The partial quote omits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Further

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

disputed to the extent the SMF suggests ▮▮▮▮▮▮▮▮ is a material fact without identifying any asserted claims that recite it.

96. **Disputed**. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 80 (Padgett Dep. Vol. 1) at 167:22-168:4. The SMF thus distorts the relevance and value of ▮▮▮▮▮▮▮▮▮▮▮▮. Disputed because the cited documents do not support this SMF.

97. **Disputed**. While not material, DeCurtis misstates the record evidence. Mr. Donald testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 80 (Padgett Dep. Vol. I) at 38:17-38:19; Ex. 14 (Donald Dep.) at 18:17-19:12; 99:5-100:5.

98. **Disputed**. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See*, Carnival SMF at Nos. 53-55.

100. **Undisputed** that Dr. Lynde submitted a report, which speaks for itself. As reflected, in Carnival's Daubert briefing it is disputed that Dr. Lynde conducted a hypothetical monopolist test that supports his two proffered relevant antitrust markets. Dkt. 286 at 14-16; *see also* Ex. 25 (Coleman Rebuttal Report) ¶¶ 59-85.

101. **Undisputed** that Dr. Lynde submitted a report, which speaks for itself. As reflected, in Carnival's Daubert briefing it is disputed that a review of the record or the competitive landscape supports his two proffered relevant antitrust markets. Dkt. 286 at 9-14; Dr. Coleman's Rebuttal Report contains her analysis of the relevant market. Ex. 25 (Coleman Rebuttal Report) ¶¶ 15-85, 103-09, 118-39, 174-78. Her initial report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 31 (Coleman Report) at ¶¶ 26, 33-41 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). The additional testimony and documents cited do not support *Dr. Lynde's* conclusions but rather ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

102. **Disputed**. DeCurtis cites no support for its initial statement. Moreover, DeCurtis contends that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 34 (Lynde Rebuttal Report) at ¶¶ 34, 120. **Undisputed** that DeCurtis Ex. 77 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████. DeCurtis Ex. 77 (CARNIVAL00375784-850) at 806, 814. As Dr. Lynde testified, ██████████ ████████████████ (Ex. 13 (Lynde Dep.) at 236:4-15) ██████████████ ████████████████ (*id.* at 245:11-250:2, 260:20-261:1).

103. **Undisputed** that ████████████████████████████████████████ ██████████████████████████████████████ Note however, that ██████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████.

104. **Undisputed** that other technologies offer some of the features and services of OCEAN and DXP. As reflected in Carnival's Daubert briefing, Carnival disputes the conclusion that other technologies are not "economic substitutes." Dkt. 286 at 9-14. The record evidence demonstrates otherwise. Carnival Statement of Material Facts at Nos. 64, 66-70; Ex. 25 (Coleman Rebuttal Report) ¶¶ 15-85, 103-09, 118-39, 174-78; Ex. 100 (Shamrock_00005229) at 5272 ██████ ████████████████████████████; Ex. 18 (DeCurtis_01945577) at 597 ██████████ ██████████████████████████████████████████████████████████ ████████ 616 ██████████████████████████████████████████████ ████████████████ Ex. 25 (Coleman Rebuttal Report) ¶¶ 36 ██████████ ████████████████ n.174 ██████████████████████████████████████ Ex. 258 (DeCurtis_01418552) at 552-77 ██████████████████████████ ████████ Ex. 259 (Shamrock_00005342) at 5362 ██████████████████ ████████.

105. **Undisputed** that Dr. Lynde's report asserts such opinions. That document speaks for itself. As reflected, in Carnival's Daubert briefing it is disputed that Dr. Lynde's regression shows a price increase or supports a distinct market. Dkt. 286 at 9-16; Ex. 25 (Coleman Rebuttal) ¶¶ 140-99. Finally, this SMF violates SDFL Rule 56.1(b)(1)(B) for having more than one fact.

106. **Disputed**. ██████████████████████████████████████. Ex. 80 (Padgett Dep. Vol. 1) at 156:8-11. DeCurtis' use of "[a]t the time" is vague and undefined.

107. **Disputed**. DeCurtis was expressly hired to, for example, "████████████████ ██████████████████████████████████. Ex. 50 (SOW #1) (emphasis added).

5

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

Dated: May 17, 2022          RESPECTFULLY SUBMITTED

By: */s/ Diana Marie Fassbender*

Diana Marie Fassbender
Florida Bar No. 0017095
dszego@orrick.com

Steven J. Routh (*pro hac vice*)
T. Vann Pearce, Jr. (*pro hac vice*)
Eileen M. Cole (*pro hac vice*)
Jay Jurata (*pro hac vice*)
Emily Luken (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center, 1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel: (202) 339-8533

Jorge Espinosa
Fla. Bar No. 779032
jorge.espinosa@gray-robinson.com
Robert R. Jimenez
Fla. Bar. No. 72020
robert.jimenez@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Phone: (305) 416-6880
Facsimile: (305) 416-6887

Robert L. Uriarte (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 289-7105

Olivia Clements (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000

Johannes Hsu (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Tel: (949) 567-6700

**CONTAINS INFORMATION MARKED "HIGHLY CONFIDENTIAL" UNDER THE PROTECTIVE ORDER**

David R. Medina (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 South Figueroa Street
Suite 3200
Los Angeles. CA 90017-5855
Tel: (213) 629-2020

Sheryl Garko (*pro hac vice*)
Laura Najemy (*pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
222 Berkeley Street
Suite 2000
Boston, MA  02116
(617) 880-1800

*Attorney for Plaintiff/Counterclaim Defendant Carnival Corporation*

7