United States District Court
for the
Southern District of Florida

| | |
|---|---|
| DeCurtis LLC, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-22945-Civ-Scola |
| ) | |
| Carnival Corporation, Defendant. ) | |
| | |
| Carnival Corporation, Plaintiff, ) | |
| ) | |
| v. ) | Consol. Case No. 20-21547-Civ-Scola |
| ) | |
| DeCurtis Corporation and DeCurtis ) | |
| LLC, Defendants. ) | |

### Order Adopting Report and Recommendations
### Regarding Claim Construction and Summary Judgment

In these consolidated cases, the parties' grievances against one another stem primarily from alleged intellectual-property rights related to portable devices aimed at enhancing guest engagement in various tourism venues. Carnival Corporation seeks redress against DeCurtis Corporation and DeCurtis LLC (together, "DeCurtis") for breach of contract, trade-secret misappropriation, and patent infringement (Carnival's 2nd Am. Compl., ECF No. 88). DeCurtis, conversely, in its complaint, seeks declaratory relief as to non-infringement and unenforceability, and damages based on unfair competition, tortious interference, and antitrust violations (DeCurtis's Am. Compl., ECF No. 87). This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. (ECF No. 102.) Presently under consideration are Judge Torres's report and recommendations (Rep. and Rec., ECF No. 267), recommending that the Court (1) grant Carnival's opening claim-construction brief (Carnival's Br., ECF No. 205) and (2) deny DeCurtis's motion for summary judgment regarding the invalidity of various patent claims (DeCurtis's Br., ECF No. 201; DeCurtis's Mot., ECF No. 203).[1] DeCurtis has objected, in part, to Judge Torres's recommendations (DeCurtis's Objs., ECF No. 273), to which Carnival has responded (Carnival's Resp. to Objs., ECF No.

---

[1] The three patents at issue here, which share a common specification, are U.S. Patent No. 10,045,184 (the "'184 patent" or "system patent") (ECF No. 205-2); U.S. Patent No. 10,049,516 (the "'516 patent" or "door lock patent"), (ECF No. 205-3), and U.S. Patent No. 10,157,514 (the "'514 patent or "portable wireless device patent"), (ECF No. 205-4).

281). The Court has reviewed—de novo—the entirety of Judge Torres's report, the record, the briefing, and the applicable law, and **overrules** DeCurtis's objections (**ECF No. 273**), **adopting** Judge Torres's report and recommendations (**ECF No. 267**) in full, finding it cogent and compelling. Accordingly, and for the following reasons, the Court **grants** Carnival's opening claim-construction brief (**ECF No 205**) and **denies** DeCurtis's motion for summary judgment (**ECF No. 203**).

### 1. Background

In his report, Judge Torres made recommendations on nine claim-construction disputes and DeCurtis's motion for summary judgment regarding invalidity. In doing so, he determined that the following terms in the identified claims should all be read according to their plain and ordinary meaning, with no construction necessary:

- The "**storing a log**" term from claims 1, 7, and 11 of the *system patent*;
- The "**reservation server**" term from claim 2 of the *system patent* and claim 13 of the *door lock patent*;
- The "**portable wireless device**" term from claim 11 of the *portable wireless device patent*;
- The "**processor configured**" term from claim 11 of the *portable wireless device patent*.

(Rep. & Rec. at 36–37.) Judge Torres further determined that the following terms should also be read according to their plain and ordinary meaning, without the need for additional construction, although with certain provisions kept in mind:

- The "**radio**" term from claim 1 of the *system patent* and claim 13 of the *door lock patent*, "provided that the radio is understood to be a physical component of the access panel";
- The "**second transceiver**" term from claim 1 of the *system patent* and claim 13 of the *door lock patent*, "provided that the second transceiver may be wired or wireless";
- The "**memory stores**" term from claim 11 of the *portable wireless device patent*, "provided that the claim recites a memory capable of performing the recited function."

(*Id.* at 36–37.) Finally, as to the claims briefing, Judge Torres found some construction warranted with respect to the "**each sensor**" term from claim 11 of the *system patent*, finding the term should be understood to mean "each BLE sensor." (*Id.* at 27, 37.)

Judge Torres additionally denied all aspects of DeCurtis's motion for summary judgment regarding invalidity, finding as follows:

- The "**storing a log**" term is "broad but not ambiguous," thus rendering claim 11 of the *system patent* "clear and precise enough to inform the public, with reasonable certainty, of the claim's scope" and, therefore, not indefinite, as claimed by DeCurtis.
- Because the "**each sensor**" term was constructed to mean "each BLE sensor," it cannot be invalid for lack of a written description of an NFC sensor that is capable of commanding the change of BLE operating modes. (*Id.* at 27.)
- Because there are genuinely disputed issues of material fact as to the actual contours of the lower dimensional limits of the "**portable wireless device**" term and whether a person of ordinary skill in the art can approach that limit without undue experimentation, summary judgment as to lack of enablement is not warranted.
- Because the "**processor configured**" claim sufficiently conveys that Carnival had possession of the claimed invention at the time it filed its patent application, DeCurtis did not establish by clear and convincing evidence that this claim lacks sufficient written support as a matter of law.

(*Id.* at 20, 27, 30, 33–34.)

As to Judge Torres's recommendations regarding both the claims construction and DeCurtis's summary-judgment motion, DeCurtis lodges objections relating to four aspects of the report. *First*, DeCurtis insists that Judge Torres erroneously rewrote the "**storing a log**" term in claim 11 of the '184 patent under the guise of simply clarifying the only reasonable interpretation of the claim. (DeCurtis's Objs. at 6–9.) As to this same term, DeCurtis also objects to Judge Torres's determination that it is not invalid for indefiniteness and his resulting recommendation that summary judgment should be denied. (*Id.* at 6–9.) *Second*, DeCurtis argues that Judge Torres erred in finding, through his claim-construction analysis, that Carnival did not disavow the wired embodiment of the "**second transceiver**" term because he relied on Carnival's mischaracterization of prior art that Carnival distinguished during its patent prosecution. (*Id.* at 10–13.) *Third*, DeCurtis complains that Judge Torres erroneously construed the term "**each sensor**" to mean "each BLE sensor" when the term should have simply been given its plain and ordinary meaning of "*every* sensor." (*Id.* at 13–17.) This claim-construction error, says DeCurtis, was then compounded when Judge Torres concluded that summary judgment as to the invalidity of the associated claim is unwarranted. (*Id.* at 17–18.) *Fourth*, and finally, DeCurtis says Judge Torres erred in finding summary judgment inappropriate regarding the lack of an enabling disclosure for the full range of dimensions for the "**portable wireless device**" term. (*Id.* at 19–21.)

## 2. Standard of Review

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989) (cleaned up). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed, at a minimum, for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

## 3. Analysis

Although DeCurtis only objected to some of Judge Torres's findings and conclusions, the Court has, nonetheless reviewed the entirety of his report de novo. Having done so, the Court finds itself in agreement with all of Judge Torres's analyses and resulting determinations. As to DeCurtis's objections specifically, the Court finds them unpersuasive as set forth, with more particularity, below.

To begin with, the Court disagrees with DeCurtis's position that the "storing a log associating each unique identifier" limitation is indefinite. Claim 11 of the system patent describes a "guest engagement system comprising . . . a central server . . . storing a log associating each unique identifier of a portable guest device received using BLE [Bluetooth low energy] or NFC [near-field communication] communications by a sensor of the sensor network." ('184 Patent, 42:49–54, ECF No. 205-2.) The Court agrees with Judge Torres that, while this limitation may be broad, it is, nonetheless, not ambiguous. Indeed, although this claim does not specify *particular data* that the "log" must associate with each unique identifier detected by a sensor in the sensor network, a person of ordinary skill in the art would, as even DeCurtis's own expert acknowledged, "recognize the phrase . . . require[s] that an association be created between 'each unique identifier' and *some other, unidentified piece of*

*information.*" (Shoemake Decl. ¶ 104, ECF No. 205-7 (emphasis added).) The Court agrees with Judge Torres that "as written, the claim covers a log that associates one data point: a detected unique identifier," and that "[t]he only way in which the log could 'associate' that data point is to tie it . . . to at least one other data point." (Rep. at 19.) The Court, conversely, disagrees with DeCurtis that this clarification amounts to a rewriting of the claim language. Further, the Court also finds DeCurtis's arguments as to the breadth of the claim unavailing. Simply put, "breadth is not indefiniteness." *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1367 (Fed. Cir. 2017). Accordingly, the Court finds that, without more, DeCurtis has not shown that the breadth of the claim here—allowing for the "log" limitation to cover more than any one particular embodiment—amounts to indefiniteness.

Next, the Court finds DeCurtis's contentions regarding the scope of the "second transceiver" claims to miss the mark as well. Claim 1 of the system patent and claim 13 of the of the door lock patent describe a "guest engagement system comprising . . . a plurality of access panels each configured to control an electronically controlled door lock . . . and each access panel comprises . . . a second transceiver configured for communication with the central server." ('184 Patent at 40:59–62; '516 Patent, 42:1–3, ECF No. 205-4.) The Court agrees with Judge Torres that a plain and ordinary meaning of the claims encompasses both wired and wireless embodiments of the second transceiver. The Court also concurs that DeCurtis failed to meet its burden of establishing that Carnival disavowed a wired embodiment of the second transceiver during its prosecution of the patent. As pointed out by Judge Torres, the standard for disclaimer is "demanding," requiring a "clear and unmistakable" disavowal for the doctrine to attach. (Rep. at 23 (quoting *Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045 (Fed. Cir. 2016)).) In urging application of disclaimer, DeCurtis points to a statement Carnival made during patent prosecution, distinguishing Carnival's patent from prior art that Carnival said is "notably not described as having multiple wireless communication interfaces including 'a radio, a first transceiver, and a second transceiver.'" (Schmidt Decl., Ex. L, Carnival Patent Pros., ECF No. 199-12, 12 (emphasis in original; otherwise cleaned up).) According to the way DeCurtis interprets the statement, Carnival disavowed the wired embodiment of the second transceiver. While DeCurtis's urged interpretation is certainly one possible way of interpreting the patent-prosecution statement, DeCurtis's insistence, that Judge Torres erred in concluding that its preferred interpretation was the *only* reasonable interpretation, falls wide of the mark. Further, tellingly, DeCurtis fails to point to any other piece of evidence that might support its urged prosecution-history disclaimer. *Avid Tech.*, 812 F.3d at

1045 ("When the prosecution history is used solely to support a conclusion of patentee disclaimer, the standard for justifying the conclusion is a high one."). In sum, the Court finds no error in Judge Torres's assessment of the "second transceiver" term and disagrees with DeCurtis that it has met the rigorous standard required to establish disavowal.

Continuing, DeCurtis complains Judge Torres was led into error by Carnival in construing "each sensor of the sensor network," as set forth in claim 11 of the system patent, as "each *BLE* sensor of the sensor network." (Objs. at 13–17.) As a result of this claim-construction error, says DeCurtis, Judge Torres's error was further multiplied when he found summary judgment as to the invalidity of the claim unwarranted. (*Id.* at 17–18.) Because the Court disagrees with DeCurtis as to its first point of error, the Court disagrees, as well, as to DeCurtis's second point.

This part of claim 11 of the system patent describes a "guest engagement system comprising: a plurality of portable guest devices . . . wherein each guest device is configured to selectively operate according to first and second operating modes [and] *each* sensor of the sensor network is operative to transmit a command to a guest device in its communication range to cause the guest device to change operating mode between the first and second operating modes." ('184 Patent at 42:28–29, 55–56, 64–67 (emphasis added).) DeCurtis maintains that the phrase "each sensor" clearly and unambiguously refers to *every* sensor of the sensor network, meaning that the claim, by its plain and ordinary meaning, encompasses both BLE as well as NFC sensors. (*Id.* at 14–15.) Accordingly, says DeCurtis, it was error for Judge Torres to construe the claim at all. (*Id.* at 13 – 16.) Or, says DeCurtis, even if construction is warranted, Judge Torres improperly construed "each sensor" to mean "each BLE sensor." (*Id.* at 16–17.) The Court is not convinced.

First, to the extent DeCurtis contends that the limitation needs no construction or, more particularly, that the term "each sensor" need not be construed at all, the Court declines to consider the argument. DeCurtis raises this point for the first time, in its objections, neglecting to raise it before Judge Torres. *See Williams*, 557 F.3d at 1292 ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Second, the Court finds DeCurtis's other claims of error miss the mark: in light of the intrinsic evidence, Judge Torres's construction does not result in an improper narrowing of the claim; it does not amount to an improper limitation to a preferred embodiment; and, based on the context, it was not error for Judge Torres to construe "each sensor" as "each BLE sensor" in this limitation only.

Ultimately, the Court agrees with Judge Torres's recommendation with respect to this claim. Importantly, the parties do not dispute that this claim limitation requires the issuance of commands for a portable guest device to change between BLE operating modes. Accordingly, the Court agrees with Judge Torres that the command to change from one BLE operating mode to another BLE operating mode must be accomplished using BLE communication protocols. And, based on the intrinsic evidence, BLE and NFC are decidedly distinct protocols, and the claimed system uses different antennas for BLE versus NFC communications. ('184 Patent at 6:12–18, 15:39–60; 42:29–35, Fig. 6, Fig. 7H, Objs. at 13–14.) Further, the system patent describes two distinct types of sensors: one that is capable of communicating with the guest device via BLE; and one via NFC communication. (Objs. at 13; '184 Patent at 42:36–46.) Accordingly, the Court agrees with Judge Torres that the sensors referenced in the phrase "each sensor" would only encompass sensors capable of BLE-communication protocols. Hence, and contrary to DeCurtis's objections, the Court agrees that "each sensor" should be construed to read as "each BLE sensor." Because the Court agrees with Judge Torres's construction, and DeCurtis's motion for summary judgment on this claim is premised on the construction's being in error, the Court also overrules DeCurtis's objections regarding invalidity.

Finally, the Court disagrees with DeCurtis's fourth objection as well. DeCurtis complains that Judge Torres erred in denying DeCurtis's motion for summary judgment as to the invalidity of claim 11 of the portable wireless devise patent. As explained by Judge Torres, "the claim clearly describes a portable wireless device that comprises a processor, a memory, a battery, and two wireless communication antennas that are disposed within the cavity of a fully enclosed device that is small than 2.5 inches in diameter and thinner than (or equal to) 5/8 inches thickness." (Rep. at 28.) Judge Torres rejected DeCurtis's argument that the claim is invalid for lack of enablement or that the claim should be limited to two specific embodiments disclosed in the patent. (*Id.* at 29.) Instead, Judge Torres concluded that, although the claim is open ended, it is, nonetheless, subject to an inherent limit. (*Id.*) DeCurtis complains, at bottom, that this was in error because Judge Torres did not identify what that inherent limit actually is and, by failing to identify that limit, could not really say whether a person skilled in the art could approach that (unspecified) limit without undue experimentation. DeCurtis's framing of the issue dooms its argument.

This issue arrives before the Court in the context of a motion for summary judgment. Accordingly, it is DeCurtis's initial burden to come forward with evidence showing that the record, even when read in the light most

favorable to Carnival, affirmatively establishes a lack of enablement. In insisting that Carnival must come forward, preemptively, with the precise inherent limitation of the enablement, as well as a showing that a person of ordinary skill in the art could implement that particular enablement limitation without undue experimentation, DeCurtis improperly flips the parties' respective burdens on a motion for summary judgment. Read in the light most favorable to Carnival, the Court agrees with Carnival that DeCurtis's own expert's testimony undercuts its motion. DeCurtis's expert concluded that "a person of ordinary skill [in] the art would have to engage in undue experimentation to achieve a device with dual antennas configured for BLE and NFC communications that is less than at least 1.1093 inches in diameter, and less than at least .3937 inches in thickness." (DeCurtis's Cl. Constr. Br., Ex. 9, Tentzeris's Decl. ¶ 59, ECF No. 205-10, 17.) By extension, then, and certainly when read in the light most favorable to Carnival, a person of ordinary skill in the art would *not* have to engage in undue experimentation to achieve a device of those precise dimensions. And, taking the statement a step further, and still reading it in the light most favorable to Carnival, these dimensions could also be interpreted as representing the inherent limits of the open-ended claim. This alone is enough to show that DeCurtis failed to meet its initial burden on a motion for summary judgment. And so, because DeCurtis fails to establish the absence of a genuine issue of material fact, in the first instance, Carnival is under no obligation to come forward with evidence establishing its own case, in rebuttal.

### 4. Conclusion

In sum, the Court **overrules** DeCurtis's objections (**ECF No. 273**), thus **affirming and adopting** Judge Torres's report and recommendations (**ECF No. 267**), **granting** Carnival's opening claim construction brief (as summarized in section 1) and **denying** DeCurtis's motion for summary judgment (**ECF No. 203**).

**Done and ordered** at Miami, Florida, on July 27, 2022.

_____
Robert N. Scola, Jr.
United States District Judge